O'NEIL LUMBER COMPANY, Respondent, v. ROSALIE GREFFET and J. E. GREFFET, Appellants.

St. Louis Court of Appeals, December 30, 1910.

1. MECHANICS' LIENS: Suit by Materialman: Parties: Contractor Not Necessary Party, When. In a suit to enforce a mechanic's lien, brought by a materialman against the owner of the property, the contractor, and the husband of the owner who contracted for the material jointly with the contractor, as ostensible owner but in reality as undisclosed agent for his wife, a personal judgment against the husband, and against the owner enforcing the lien was proper, although the suit was dismissed as against the contractor and no judgment was rendered against him.

2. ——: ——: Contractor Necessary Party, When. Where a materialman or sub-contractor seeks to enforce his debt as a lien against property, through the privity arising from the agreement between the original contractor and the owner, the latter is an essential party.

154 App—3

3. ———: Principal and Agent: Contractor as Owner's Agent. While a building contractor is not the owner's agent so as to bind him in all respects, the principle on which he binds the owner's property, to the extent of the market value of materials furnished, is that of an implied agency for the owner.

4. ———: ———: Undisclosed Agency. The doctrine respecting undisclosed principals applies to mechanics' lien matters.

5. PRINCIPAL AND AGENT: Undisclosed Agency: Liability of Agent. An agent dealing ostensibly as principal is personally liable for a debt incurred, though the creditor afterwards discovers the undisclosed principal, unless the creditor elects to waive his right to so proceed and sues the principal instead.

6. MECHANICS' LIENS: Sufficiency of Evidence. In a suit to enforce a merchanic's lien, it is *held* that the evidence was sufficient to show the material furnished went into the building on which the lien was sought to be enforced.

Appeal from St. Louis City Circuit Court.—*Hon. W. M. Kinsey,* Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellant.

(1) An original contractor is one who has a contract with the owner for the erection of the improvement. There is no evidence that defendant J. E. Greffet was a contractor for the erection of the building in question. Mfg. Co. v. Gapen, 22 Mo. App. 397; Hengstenberg v. Hoyt, 109 Mo. App. 622; Lumber Co. v. Knights of Pythias, 157 Mo. 366. (2) It having been stipulated that defendant J. E. Greffet was the agent of his wife as to the erection of the building it was error to render judgment against him on the theory that he was an original contractor. Deardorff v. Everhartt, 74 Mo. 37; Henry v. Rice, 18 Mo. App. 497. (3) The original contractor is a necessary party to a mechanics' lien judgment, and the contractor Ogden having died and the plaintiff having dismissed

as to him, judgment should have been rendered in favor of the defendants. Russell v. Grant, 122 Mo. 161; Horskotte v. Menier, 50 Mo. 159; Wibbing v. Powers, 25 Mo. 599; Ashburn v. Ayres, 28 Mo. 75; Foster v. Wulfing, 20 Mo. App. 85; Bombeck v. Devorss, 19 Mo. App. 38; McLundie v. Mount, 123 S. W. 966. (4) To establish the lien it is necessary for plaintiff to prove that the material was actually used in the construction of the improvement and as plaintiff failed to do this it was not entitled to a lien. Schulenberg v. Prairie Home Institute, 65 Mo. 295; State v. Gregory, 170 Mo. 598; Lumber Co. v. Schmidt, 130 Mo. App. 227.

*Wilfley, McIntyre & Nardin* for respondent.

(1)   The right of mechanics' lien is conferred by statute to materialmen, where material is furnished upon order of the husband, whose wife's property is being improved by him under her authority. Burgwald v. Weippert, 49 Mo. 60; Winslow Bros. Co. v. McCully Stone Mason Co., 169 Mo. 236; Westport Lbr. Co. v. Harris, 131 Mo. App. 94; Kuenzel v. Stevens, 155 Mo. 280; Lumber Co. v. Churchhill, 114 Mo. App. 578. (2)   There is ample evidence to show that the material sued for actually went into the building, and there is no evidence to the contrary. The proof that the material went into the building is sufficient under the law. Lumber Co. v. Harris, 107 Mo. App. 148.

NORTONI, J.—This is a suit to enforce a mechanic's lien. The finding and judgment were for plaintiff and defendants prosecute the appeal.

Plaintiff is a materialman and furnished the lumber for the construction of a small residence on defendant Rosalie Greffet's lot of ground at the instance

of her husband, defendant J. E. Greffet, and one, Ogden, who was the original contractor for its construction. The suit is for $201.82 and originated in the court of a justice of the peace. Plaintiff recovered a personal judgment in the justice court against J. E. Greffet, the husband of the owner, and Ogden, the original contractor, and a special judgment enforcing a lien on the property of the owner, defendant Rosalie Greffet, and all of the defendants appealed to the circuit court. After the appeal to the circuit court was perfected and before the trial in that court, Ogden, the original contractor, departed this life and as to him further proceedings were dismissed. In the circuit court, the suit proceeded against the defendants, J. E. Greffet and Rosalie Greffet, his wife, alone, and the court gave a personal judgment against J. E. Greffet on the theory that he, together with the original contractor, Ogden, personally contracted the debt for lumber, and a special judgment against Mrs. Rosalie Greffet enforcing the lien against her property. It is from this judgment against the husband and wife the appeal is prosecuted and it is argued it should be reversed for the reason the original contractor, Ogden, is not a party thereto. Were the suit one by a subcontractor or materialman who derived his right to proceed against the property of the owner solely through the privity which lies in the relation of original contractor, we believe the argument would inhere with much force. But it is not so in the particular circumstances of the case, for here it appears the indebtedness for the lumber involved was contracted by defendant J. E. Greffet as the agent of his co-defendant, Mrs. Greffet, the owner, who was his undisclosed principal, and Ogden, the original contractor, jointly. The proof is abundant to the effect defendant J. E. Greffet, who was ostensibly the owner of the property, for it does not appear that he disclosed the title

was in his wife, and Ogden, the contractor, jointly negotiated with plaintiff and purchased the lumber and material set forth in the lien account and that the credit was extended by plaintiff to J. E. Greffet and Ogden jointly. J. E. Greffet, the ostensible owner, and Ogden, the original contractor, having thus jointly purchased the lumber and contracted the indebtedness, no one can doubt that a personal liability attached against either one or both for the debt, and the mere fact that the suit proceeds against one of the debtors alone, without the original contractor being a party, is immaterial in the circumstances stated, if it appears such debtor against whom the suit proceeds was sufficiently vested with authority to bind the property of the owner, Mrs. Greffet. It is true in those cases where the debt of the material man or sub-contractor is sought to be enforced as a lien against the property of the owner through the privity which obtains in the contract for the improvement between the owner and the original contractor the original contractor is an essential party to the suit. Such is true in part because the original contractor is the debtor and should be called upon to defend. [Wibbing v. Powers, 25 Mo. 599.] And further because the property of the owner may not be reached for the debt of the contractor except through the implied authority in the contract between the owner and the original contractor to contract debts on the security of the property. For though the original contractor is not the agent of the owner so as to bind him in all respects, as decided in Deardorff v. Everhartt, 74 Mo. 37, 39, there can be no doubt that the principle upon which he may obligate the property of the owner to the extent of the market value of materials is that of an implied agency of the owner for the purpose. [Morrison v. Hancock, 40 Mo. 561; Dougherty, etc., Lumber Co. v. Churchill, 114 Mo. App. 578, 587, 90 S. W. 405; see, also, Winslow v. Mc-

Cully, 169 Mo. 236, 69 S. W. 304.] The identical lia-
bility for the debt exists here against defendant, J.
E. Greffet as it did against the original contractor,
Ogden, for his principal was undisclosed and besides
an agency for the owner appears. It is stipulated in
the case that J. E. Greffet had authority as agent of
his wife, the owner, to make the improvements and
contract the indebtedness for the material. The agency
of the husband in this case is positive and expressly
admitted whereas that of an original contractor is
only implied. If it be suggested that because of such
express agency of J. E. Greffet he bound his principal
to answer personally for the debt, it is to be answered
that he was the ostensible owner when the debt was
contracted by him and to him the credit was extended,
for his principal was not disclosed at the time. It is
true the doctrine of the law with respect to undis-
closed principals obtains in mechanic's lien matters as
it does in other cases. [Winslow v. McCully, 169 Mo.
236, 243, 69 S. W. 304.] But if an agent deals as the
ostensible principal without disclosing his agency, he
becomes personally liable for the debt so contracted
and continues so, though the creditor afterwards dis-
covers the undisclosed principal, unless the creditor
sees fit to waive his right to proceed against the agent
and sues the true principal for the debt instead.
[Mechem on Agency, secs. 554, 695, 696.] In the in-
stant case, the creditor elected to sue the agent who
had contracted the debt and the principal only as owner
of the property to the end of enforcing the lien. No
one can doubt its right to so elect even after discover-
ing the principal, and we perceive no reason why the
suit should fail though the original contractor be not
a party. The agent, J. E. Greffet, in the circumstances
of this case, performs the identical office on the iden-
tical principle as that of the original contractor where

the suit is to enforce the lien through privity with him against the property.

There is a suggestion in the brief that the proof fails to show the material furnished entered into the building on which the lien is sought to be enforced. Upon examining the record, we find the argument to be wholly without merit under the rule of decision which obtains in this state. [See Darlington Lumber Co. v. Harris, 107 Mo. App. 148, 80 S. W. 688.] The judgment is for the right party and should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.