EAST ARKANSAS LUMBER COMPANY, a Corporation, Appellant, v. CHAS. BRYANT and CHAS. R. PIERCE, Respondents.

Springfield Court of Appeals, January 29, 1923.

1. **NEW TRIAL: Ground for Granting.** Where there was a positive conflict in the evidence as to the amount of an account and also as to the amount claimed in the counterclaim, the trial court may grant one new trial on the ground that the verdict is against the weight of the evidence.

2. **MECHANICS' LIENS: Time Required for Filing.** Where the owner of a building let a contract for its repair to a third person. who purchased materials from plaintiff, the owner was not an original contractor, and Revised Statutes 1919, section 7221, required that plaintiff's mechanic's lien authorized by section 7216, be filed within four months after indebtedness accrued.

Appeal from the Circuit Court of Pemiscot County.— *Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*J. R. Hutchinson* and *Corbett & Stiles* for appellant.

*Ward & Reeves* for respondent.

FARRINGTON, J.—The plaintiff, a lumber company, filed this suit against the defendants to recover an alleged balance due on open account for material furnished in the repairing and improving of defendants' building, and sought to establish a lien for such amount against the property of defendant Pierce.

Defendant Bryant answered by general denial, and further alleged that he had fully paid for all material bought and furnished; denied that plaintiff had any ground for a lien against the property of Pierce, and then filed a counterclaim for an alleged overpayment on

such account to the amount of $76.12, for which he asks judgment.

Defendant Pierce answered by general denial, and alleged that the claim was filed in the Circuit Clerk's office more than four months after it accrued and denies any right to a lien on his property by plaintiff. The issue being thus made up, the case was submitted to a jury which found for plaintiff for a balance due on the account, and found that the claim be a lien on defendant Pierce's land.

In passing on defendants' motion for a new trial, the trial court made the following entry: "And the court, being now fully advised in the premises, doth sustain said motion for new trial, for the reason that the verdict is against the law and the evidence and the weight of the evidence."

It is admitted that there is a positive conflict in the testimony concerning the amount of the account, the plaintiff offering testimony that the original amount of the material was $864.74, while defendants' testimony was to the effect that the amount was $364.74. There is also a conflict concerning the amount claimed in the counterclaim. Under these circumstances the trial court may grant one new trial on the ground that the verdict is against the weight of the evidence. [See Oliver v. Railroad, 211 S. W. 699.] There is nothing calling for interference with the ruling thus made in the case. The judgment of the trial court is necessarily affirmed. Both parties here join issue on the liability of defendant Pierce, and as the case is to go back for new trial, we may as well dispose of this issue of law that delay in final disposition of the case may not occur.

In order that a lien may be placed on defendant Pierce's land, in case there is a balance unpaid on the account, plaintiff must have some evidence that Pierce was an original contractor, for it is admitted that the account was not filed in the four months period as provided in section 7221, Revised Statutes 1919. It is plain-

tiff's contention here that Pierce was an original contractor and that claim is based on the assumption that there is an implied contract existing, growing out of the evidence that the material furnished went into Pierce's improvement and that Bryant ordered it out. We fail to find any evidence in this record—and in that respect the testimony is undisputed—that would sustain a finding that the relation of principal and agent existed between Bryant and Pierce. On the other hand, we think the testimony conclusively shows that such relation did not exist.

It is shown that Pierce, who wanted his building repaired and improved, permitted Bryant, a contractor, to make a lump bid on what it would cost, that is what the labor and material would cost. It is shown that other contractors bid on this same job in competition with Bryant, and that the latter's bid was the lowest and was accepted, and that his bid to Pierce was a lump sum covering labor and material. It is also shown that Pierce has paid Bryant the full amount of the contract price.

Plaintiff's petition contains no allegation that it had any contract with Pierce whatever, on the other hand it contains the following allegation: ''That said property was, at the dates of furnishing said materials, and now is, the property of the defendant, Chas. R. Pierce, and that the said Chas. Bryant was the original contractor with the said C. R. Pierce, for the improving and making repairs on said buildings,'' a direct allegation that Bryant was the original contractor with the plaintiff. The evidence of plaintiff's witness who made the contract for sale of material to go into the improvement shows that he understood that Bryant was the original contractor. We quote from the record his testimony as abstracted by appellant: ''I was manager of the East Arkansas Lumber Company. In June, 1920, Mr. Bryant called on me at the office of the company at East Third Street, in Caruthersville, Missouri; *he was going to make a contract,* he said, to fix up Pierce Hall, on 12th and

Ward, in Caruthersville, Missouri. He came to me and asked me the price of material, then he went and figured the job, and gave me a list of the material figured on, and I fixed this list and gave him a carbon copy.'' This witness also testified that he figured material for an-other contractor named Stone on the same job, and that he figured it before he made a price to Bryant. He, therefore, knew that defendant Pierce was figuring with other contractors than Bryant on the work. There is no evidence that any of these contractors who were preparing bids for Pierce were in any way the agents for Pierce.

Appellant relies mainly on the case of Darlington Lumber Co. v. Smith Building Co., 134 Mo. App. 316, 114 S. W. 77, to sustain the position that it is entitled to have a lien on Pierce's land on the ground that Pierce had entered into an original contract with it, and quotes particularly that sentence in the opinion which reads as follows: ''A party furnishing the materials for a building is an original contractor within the purview of section 7216, Revised Statutes 1919.'' That which is quoted is the law when applied to a case such as that, where the evidence shows that the landowner made the contract for the purchase of the material, but cannot be the law where the evidence, as here, shows that the contract was not made with the landowner but with ''an original contractor'' who was contracting with the landowner to furnish the material and do the work for a lump sum. In other cases cited by appellant it appears that where the landowner is held as an original contractor, there was some evidence to sustain such finding other than that the material was put in the improvement by a builder who was merely under a contract to furnish the material and labor for a lump sum, and who had himself made the contract with the materialman to furnish the same. [See O'Neal Lumber Co. v. Greffet, 154 Mo. App. 33, 133 S. W. 113; Dougherty-Moss Lumber Co. v. Churchill, 114 Mo. App. 578, 90 S. W. 405; Winslow Bros. v. McCully

Stone Mason Co., 169 Mo. 236, 69 S. W. 304.] The case of Morris v. Hancock, 40 Mo. 561, merely holds that the contractor is agent of the owner to the extent of furnishing a basis for a mechanic's lien, which relation in the case at bar would have furnished plaintiff a right to Pierce's land if it had an unpaid account, and had it followed the statute in filing its lien within four months. The plaintiff, under the evidence in this case, falls with-in that provision of the statute described as, "every other person seeking the benefit," etc., and falls within the four months provision and not the six months provision relative only to original contractors. No case was made to submit to a jury so far as defendant Pierce is concerned.

The judgment of the trial court in granting a new trial is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.