# JANUARY TERM, 1898.

## CHARLESTON.

### CENTRAL CITY BRICK CO. *v.* NORFOLK & W. R. CO.

Submitted September 16, 1897—Decided January 26, 1898.

1. MECHANIC'S LIEN—*Enforcement—Statutory Requirements.*

    Where a party seeks to create a mechanic's lien for material furnished to a contractor, to be used in the construction of a house, he must comply substantially with the requrements of the statute, in order to create a lien on the property on which such house is erected.   (p. 293).

2. MECHANIC'S LIEN—*Equity Pleading—Evidence.*

    When the party who claims to have furnished such material for the construction of a house proceeds by a bill in equity to enforce his lien against such property, and the owner of the property, in answer to the bill, denies that the lien has been properly obtained by pursuing the statutory requirements, denies that the material was furnished by the plaintiff, the allegations of the bill must be sustained by proof, in order to obtain a decree for the sale of the property.   (p. 294).

3. MECHANIC'S LIEN—*Equity Pleading—Evidence—Contract.*

    It is not sufficient to file with such a bill the account filed with the clerk of the county court for the purpose of creating such lien, but the fact that the material was furnished to the contractor, to be used in the construction of the house, in pursuance of a contract with such contractor, must be alleged and proved before such lien will be enforced against the property; and especially is this the case when the contract is denied in the answer.   (p. 294).

4.  COMMISSIONER'S REPORT—*Exceptions—Evidence.*
    Where a cause is referred to a commissioner, and exceptions
    are filed to the commissioner's report, in pursuance of section 7
    of chapter 8 of the Acts of 1895, the commissioner shall, with his
    report, return the evidence filed in the case, including all the evi-
    dence taken upon the execution of the reference; and it will be
    presumed such commissioner performed his duty in this regard.
    (p. 291).

Appeal from Circuit Court, Wayne County.

Bill by the Central City Brick Company against the Nor-
folk & Western Railroad Company. From a decree in
favor of plaintiff, defendant appeals.

*Reversed,*

CAMPBELL, HOLT & CAMPBELL, for appellant.

McCOMAS & FREY, for appellee.

ENGLISH, PRESIDENT:

This was a bill in chancery, filed in the circuit court of
Wayne county by the Central City Brick Company, a cor-
poration, against the Norfolk & Western Railroad Com-
pany, for the purpose of enforcing an alleged mechanic's
lien against certain property of the defendant.   The plain-
tiff, in its bill, says that both it and the defendant are cor-
porations duly organized under the laws of West Virginia,
and that the defendant is the owner of certain real estate
in Wayne county, at Kenova,—being the same land con-
veyed to it by the West Virginia & Ironton Railroad Com-
pany by deed bearing date on the 30th day of September,
1890, giving the deed book in which said deed is recorded,
being the same land conveyed to the West Virginia &
Ironton Railroad Company by J. H. Dingee by deed bear-
ing date on the 1st day of August, 1890, also giving the
deed book in which said deed was recorded, and exhibiting
certified copies of said deeds with its bill,—on which real
estate, at the intersection of the railroad aforesaid, the de-
fendants some time ago commenced the building of a brick
depot, the contract for which was awarded by said defend-
ant to one F. J. Amweg; that some time after the award-
ing of the said contract, and while the same was in full
force and effect, the said F. J. Amweg entered into a con-

tract with the plaintiff for the furnishing of a part of the material necessary in the construction of said building, in pursuance of which last named contract, plaintiff furnished to said Amweg fifty-three thousand brick at the price of five dollars and seventy-five cents per thousand, to be used, and the same were used, by said Amweg, in the construction of said building; that within thirty-five days after furnishing to said Amweg the brick aforesaid, to wit, on the 29th day of July, 1893, plaintiff caused a notice of the fact that it had furnished said brick to said Amweg to be used in said building to be served upon said Norfolk & Western Railroad Company, the owner of said building, and further notifying said last-named company that it, the said Central City Brick Company, desired to file a mechanic's lien against the land and building above described, to secure the claim aforesaid, true copy of which notice, together with the sheriff's return thereon, showing the service thereof, was filed as a part of the plaintiff's bill; that afterwards, to wit, on August 3, 1893, it caused a mechanic's lien for the sum of three hundred and four dollars and seventy-five cents for the material furnished to the said Amweg, principal contractor, and used by him in the construction of said building, to be filed in the office of the county court of Wayne county, which is duly recorded in Deed Book ——, page ——, a certified copy of which was therewith filed as part of the bill. Plaintiff further said said account against said Amweg is past due and unpaid, and he is, as plaintiff is informed and charges, insolvent. Plaintiff therefore prayed that the real estate and building aforesaid might be subjected to the payment of its lien, and for general relief. On the 29th day of September, 1893, the Norfolk & Western Railroad Company, by its attorneys, demurred to plaintiff's bill of complaint, and claimed that the same was not sufficient, because it did not aver that an itemized account of the material furnished, duly verified, was filed with said defendant thirty-five days after such material was furnished; it does not appear that the material so furnished was provided for in the contract between said Amweg and defendant,—which demurrer was overruled by the court, and thereupon said defendant company tendered its answer to the plaintiff's bill, to which

answer plaintiff objected.   The objection was overruled, the answer filed, and the plaintiff replied generally thereto.   The defendant, in its answer, admitted the ownership of the real estate in the bill mentioned.   It also admitted that on the 1st day of September, 1892, it entered into a contract with F. J. Amweg for the construction of a passenger station of stone and brick on its real estate at Kenova, and that said Amweg, in pursuance of said contract, began the work, and partially constructed said station, but on June 3, 1893, made an assignment of said contract, together with the rights, powers, privileges, benefits, and emoluments in said contract contained, and all the subcontracts with mechanics and material men made towards the erection and completion of said building, to the German-American Title & Trust Company, of Philadelphia, which company, under said assignment, began operations in 1893 looking to completion of said contract.   On July 11th said Amweg made a general assignment for the benefit of his creditors, stopped work upon said station before its completion, and the same still stands in an unfinished state, to the great inconvenience and damage of respondent.   Of said general assignment respondent received notice on July 12, 1893, through a newspaper published in the city of Philadelphia, but of the assignment of the passenger station contract respondent did not receive formal notice in writing until September 28, 1893, nor did respondent have any notice or knowledge whatever of the existence of said assignment of the Kenova passenger station contract until after it had received notice of the said general assignment for the benefit of creditors.   Respondent neither admits nor denies the alleged contract between the plaintiff and said Amweg in regard to furnishing part of the material used in the construction of said station, but calls for strict proof of said contract.   Respondent also claims that the plaintiff did not, in accordance with the provisions of the statute in such case made and provided, file with the respondent or its authorized agent an itemized account of the material furnished said Amweg, verified by affidavit within thirty-five days after the same was furnished.   On the contrary, the respondent said that, if the plaintiff furnished as many as fifty-three thousand brick, as alleged,—

which respondent neither admitted nor denied, —they were not furnished in a lump, at the same time, as will appear from a copy of plaintiff's account served upon respondent, and exhibited with plaintiff's bill, but the same were furnished in different lots and at different times, and respondent was informed that as many as thirty-nine thousand were furnished more than thirty-five days anterior to the time plaintiff stopped delivering them under his alleged contract with Amweg. Respondent also denied that the plaintiff did, as alleged, on August 3, 1893, cause a mechanic's lien for three hundred and four dollars and seventy-five cents for the material furnished to said Amweg, and by him used in the construction of said station, to be filed in the office of the clerk of the county court of Wayne county, because respondent says that the said paper purporting to be a mechanic's lien, and filed by the said plaintiff with the clerk as alleged, did not contain a just and true account of the amount due the plaintiff, after allowing all credits.

Thus it appears that the answer of the defendant put in issue the material allegations of the bill. On September 25, 1894, the cause was referred to a commissioner to ascertain and report: First, whether or not the account, or any part thereof, of the plaintiff, was a valid mechanic's lien upon the property of the defendant, mentioned and described in its bill and exhibits; second, whether or not there are any other mechanics' liens on said property, and their respective amounts, and to whom payable; third, any other matter that either party may require or the commissioner deem pertinent. In response to the requirements of this decree, said commissioner ascertained that the account of the plaintiff of three hundred and four dollars and seventy-five cents, and the whole of it, was a valid, subsisting mechanic's lien upon the property of the defendant mentioned and described in the bill and exhibits, to wit, the building known as the "Union Depot," situate in the town of Kenova, in said county of Wayne, and the tract or lot of land on which said building is situated, and that no other mechanic's lien had been set up or claimed before him on said property. The defendant excepted to said commissioner's report: First. Because there was no evi

dence whatever before said commissioner upon the question referred to him, and his finding that the account of the plaintiff of three hundred and four dollars and seventy-five cents was a valid, subsisting mechanic's lien upon the property of defendant, to wit, its passenger depot at Kenova, was not supported by proof or evidence of any character. Section 7 of chapter 6 of the Acts of 1895 provides, among other things, that "any party without being at the expense of taking a copy may inspect the report and evidence and file exceptions thereto, and the commissioner shall with his report return the evidence filed in the case including all the evidence taken upon the execution of the reference," *etc.*, and we must presume the commissioner performed his duty in this regard, and, as no evidence was returned, we must conclude none was taken. Second. There was no evidence that the plaintiff had any contract with said Amweg to furnish him with brick in the construction of said depot, and no evidence that any brick whatsoever was furnished said Amweg by said plaintiff. Third. There was no evidence before said commissioner, or in the record, that the plaintiff, even though it had had such a contract with Amweg, and had furnished brick thereunder, and had filed with defendant an itemized account of such brick, with dates of delivery, within thirty-five days after said brick was furnished, and verified by oath, as required by the statute in such case made and provided; that what purports to be an account, and filed with defendant, was not an itemized account, as required by law; nor is what purports to be an account, filed with the clerk of the county court for record for a lien, such itemized account as required by law. These two papers or accounts do not constitute evidence or proof of the existence of the alleged contract between the plaintiff and Amweg, nor of the fact that any material was furnished thereunder, nor of the quantity so furnished, nor that the same was so furnished within thirty-five days next preceeding service of such account on defendant. The record discloses that Amweg assigned the contract for the construction of said depot to the German-American Title & Trust Company on the 23d day of June, 1893. He thereupon ceased to carry out said contract, and all work thereafter done, and all material

thereafter furnished, was by and to said German-American Title & Trust Company, and not by F. J. Amweg; and the plaintiff did not furnish brick to Amweg at the deliveries thereof which were after the 3d of June, 1893, and all furnished to said Amweg prior to June 3, 1893, were beyond the thirty-five days within which the plaintiff could have filed said account with defendant. Exceptant therefore prayed that said report and finding of said commissioner be set aside, and the plaintiff's bill be dismissed. On the 8th day of June, 1895, the cause was heard upon the bill and exhibits, answer of the defendant, and the former orders and decrees made and entered therein, and upon the report of said commissioner, and the exceptions thereto, whereupon the court overruled said exceptions, and approved and confirmed said commissioner's report in all things, and directed that, unless the defendant, or some one for it, should, within thirty days from the rising of the court, pay the sum of three hundred and thirteen dollars and eighty-nine cents, being the amount of said lien for three hundred and four dollars and seventy-five cents with legal interest thereon from the 8th day of December, 1894, to the date of said decree, then a commissioner therein appointed should sell said real estate as therein provided; and from this decree the defendant obtained this appeal.

The first error relied on by the appellant is claimed to be in the action of the court in overruling the defendant's demurrer. Counsel for the appellant, in his brief, contends that the plaintiff's bill does not show that the statute was complied with by furnishing the appellant an itemized account of the material furnished, or by filing an itemized account in the clerk's office. The materials claimed to have been furnished were fifty-three thousand brick, which, in the claim of lien filed in the clerk's office, appear to have been furnished within sixty days prior to August 3, 1893, and that said material was ceased to be furnished on July 12, 1893. It is contended that this language indicates that all of said brick was not furnished on that day, but part was delivered prior to that date; that no date is given as to the time when the one item was furnished. This account was verified on the 25th of July, 1893, but it was not filed with the defendant until July 29th, and it is

contended that, while the account may have been verified within the thirty-five days allowed by statute, it did not follow that at the time of filing the account with the owner on the 29th it had not expired ; that the owner is entitled to have the dates of furnishing the different items so that he may determine for himself whether or not the 'time has expired.   The mechanic's lien is a creature of the statute, and the requirements of the statute must be substantially pursued, in order to create a lien; and, while it is barely possible there was but one item in this account, and the entire fifty-three thousand brick may have been delivered in one day, yet we hardly think, if such was the case, it would have been stated that the plaintiff ceased delivering the brick on that day ; but, as the bill alleges that within thirty-five days after furnishing to the said Amweg, principal contractor, the brick aforesaid, to wit, on July 29, 1893, plaintiff caused a notice of the fact that it had furnished said brick to Amweg to be used in said building to be served upon defendant.   Upon demurrer we must take this allegation to be true, and we cannot say that the court erred in overruling the demurrer ; but when we come to consider the case upon the exceptions to the commissioner report, and upon the answer filed to the plaintiff's bill, and inquire whether the decree complained of was authorized in the absence of any evidence, another case is presented.   The answer denies that any of the requirements of the statute necessary to constitute a mechanic's lien under the statute were complied with, and calls for strict proof of the contract alleged to have been made with Amweg, and of any work alleged to have been done or materials furnished under the same, and there is no proof in the cause to sustain the allegations in the bill.   Now, even if there was evidence in the cause to show that this statutory lien had been created, that alone would not authorize a decree for the sale of the property subject to the lien. A lien by way of foreign attachment is frequently created on property by strictly complying with certain requisitions of the statute, but the claim asserted in the attachment proceedings must be established by proof of some character before the property will be decreed to be sold. So section 10 of chapter 75 which treats of mechanics' liens

and their enforcement, provides that: "Any person having a lien under or by virtue of this chapter may enforce the same by filing a bill in chancery in the circuit court of the county in which his account is filed as aforesaid, in which he shall make all other persons having liens thereon under this chapter parties.   *   *   *   Should the party bringing the suit from any cause fail to establish his claim, the suit shall not for that cause be dismissed, but it may be prosecuted by any other party thereto having such lien, in the same manner as if it had been commenced by him." A lien is defined by Bouvier in his Law Dictionary as "a hold or claim which one person has upon the property of another as a security for some debt or charge." So the lien sought to be enforced in this case is founded upon the claim asserted for fifty-three thousand brick furnished and sold by the plaintiff to F. J. Amweg. If the plaintiff has complied with the statutory requirements, it has acquired the right to hold the property described as security for the claim. This, however, is denied by the answer; and when it is sought to enforce an alleged lien for material furnished to a contractor upon the property on which the building is being erected, which the material claimed to have been furnished is used in constructing, and the contract upon which the lien is claimed to have been founded is denied by the answer of the owner of the property, and the answer also denies that the material was furnished, or calls for proof of the same, and denies that the proper steps have been taken to create a lien for said claim against said property, thus putting in issue the existence of the lien and the claim on which it is alleged to have been founded, in the absence of proof to sustain the allegations of the bill it is error to decree a sale of the property to satisfy such alleged lien.

Under the head of "Evidence," Phil. Mech. Liens, 747, thus states the law: "Mechanic's lien laws do not alter the rules governing the production and competency of testimony unless specially provided for by statute.   *   *   *   The first and most important general rule, applicable almost universally, is that the plaintiff should make proof of every material allegation of his complaint or declaration, and the defendant of every new affirmative fact contained

in his plea.    *    *    *    Thus the contract under which work is performed is usually an essential element in the case, and, when so, must be proved as alleged." On the next page the author says : "It is presumed that the evidence would be sufficient if it showed the work was done, and materials furnished, within the statutory period allowed for filing the lien." Thus it appears that a lien not only must be properly created, but, where the lien is sought to be enforced, proper allegations must be made, and they must be sustained by proof ; and the mere production of the claim sworn to and filed in the clerk's office, even if it complies with the statutory requirements sufficiently to constitute a lien on property for the construction of which the materials in the account filed were furnished, will not be sufficient to authorize a sale of the property under a decree of the court; and especially is this the case when all the material allegations of the bill are denied, and no proof is furnished to sustain them. Again, the plaintiff, in its notice to the defendant, served on the 29th of July, 1893, claimed that it furnished said brick to F. J. Amweg, to be used in said building ; and although it is claimed said Amweg assigned his contract, yet he was a necessary party to this suit, and it was error to decree as the court did in his absence. The decree complained of must be reversed, and the cause remanded, with costs.

*Reversed.*