# CHARLESTON.

### AUGIR v. WARDER et al.

Submitted September 9, 1909.    Decided February 28, 1911.

1. EQUITY—*Parties—Non Joinder—Demurrer.*
   A bill which on its face shows want of necessary parties is demurrable.

2. MECHANICS' LIENS—*Proceedings to Enforce—Necessary Parties —Principal Contractor.*
   The principal contractor is a necessary party to a suit to enforce a mechanic's lien against the building of the owner, for material furnished by plaintiff to such contractor to be used in the construction of the building.

3. SAME—*Proceedings to Enforce—Decree.*
   It is error to render a personal decree in such suit in favor of plaintiff against the owner, if there is no privity of contract between them.

4. EQUITY—*Pleading—Answer—Time for Filing.*
   A defendant has a right to file his answer at any time before final hearing, but he cannot delay the hearing unless, by affidavit filed, good cause be shown therefor.

(ROBINSON and BRANNON, JUDGES, absent.)

Appeal from Circuit Court, Taylor County.

Bill by O. G. Augir, trading as O. G. Augir & Co., against Rebecca R. Warder and others. From a decree overruling the

demurrer to the bill, the mentioned defendant and another appeals.

*Reversed and Remanded, with leave to plaintiff to amend.*

*A. W. Burdett,* for appellants.

*John L. Hechmer,* for appellee.

Williams, President:

O. G. Augir brought his suit in equity in the circuit court of Taylor county against Rebecca R. Warder, J. H. Warder, her husband, and others, to enforce a mechanic's lien against a certain house and lot owned by Mrs. Warder, situate in the city of Grafton; and on the 19th day of January, 1905, the court decreed a sale of said house and lot, and also rendered a personal decree against Mrs. Warder for the amount of the lien. From this decree she and her husband have appealed. The bill alleges that the lien is on account of material furnished to one Henry Thomas, the builder of the house, under contract with J. H. Warder, the husband and agent of the owner; but Thomas is not made a party, and the bill is demurred to. The court overruled the demurrer, and this is assigned as error.

The allegations in the bill show Thomas' relation to the transaction; and, if he is a necessary party, the failure to make him such may be raised by demurrer. *Pappenheimer* v. *Roberts,* 24 W. Va. 702; *Clayton* v. *Henry,* 32 Grat. 65.

Was he a necessary party? Mrs. Warder is not personally liable to the plaintiff for the material furnished to Thomas, because there is no privity of contract between them; but her property is liable. Consequently, she is interested in having the amount due from Thomas to plaintiff judicially determined, in a manner binding on both him and Thomas. This cannot be done if Thomas is not a party to the suit. She is also interested to know that the material, on account of which the lien is claimed, actually went into the construction of her house. Material might be furnished to a contractor who, at the time, was engaged in the erection of houses for different owners; and, the sale of material being made on the conarctor's own account, it might be that no one but himself would know what part of the material was used in a particular house; and, therefore, great injustice is liable to be done an owner, by subjecting his property to a

lien for material which was not in fact used in the construction of his building, if the contractor is not made a party. In the present case Thomas does not even testify. Moreover, equity delights to do complete justice among all parties concerned in any litigation, properly before the court, and thus prevent a multiplicity of suits. Consequently, having jurisdiction for the purpose of enforcing the lien, the court could decree, as between Thomas and the plaintiff, the amount due the latter by the former; and such a decree would be *res judicata* upon Thomas in any future suit that Mrs. Warder might bring against him to recover what she would be compelled to pay to discharge the lien. Equity would unquestionably subrogate her to the rights of plaintiff; and if the amount adjudicated in the mechanic's lien suit were not made binding on Thomas, she would be compelled to relitigate the question in such other suit, and might be defeated by Thomas' proving that he owed the plaintiff nothing. The same principle would apply, whether the lienor be a material man, a subcontractor or a laborer; and it is clear to us that in a suit by any of them to enforce a mechanic's lien, the owner is vitally interested in having the amount judicially ascertained in a manner that shall be binding on both the lien claimant and his debtor. However, we find a contrariety of decisions on this question by the various courts of the country. But much of it is more apparent than real, because the decisions depend largely upon the statutes of the particular states. Some of the courts hold that the contractor is a proper, but not a necessary party; others that he is not only a proper, but also a necessary party. Many of the cases have been collated by Boisot, and are cited in a note to section 533 in his work on Mechanic's Liens. This author says: "According to most of the decisions the contractor is a necessary party defendant to a suit to enforce the lien of a subcontractor or a material man in the second degree, on the theory that he should have a right to dispute the account, and that his duty to the owner requires him to do so, if the account is incorrect." To the same effect is Phillips on Mechanic's Liens, section 397. See also the dictum of Judge ENGLISH who wrote the opinion in *Central City Brick Co.* v. *N. & W. Ry. Co.*, 44 W. Va. 286, 295.

We hold that Henry Thomas, the principal contractor, was a necessary party, and that the court erred in overruling the demurrer to the bill. Being a necessary party, the fact that he was a non-resident of the state at the time the suit was brought, furnishes no excuse for failure to make him a party to the bill. True, no personal decree could have been rendered against him, on publication, without his appearance; but he might have appeared in obedience to an order of publication, if one had been executed against him. He should have been given an opportunity to do so.

It was also error to render a personal decree against Mrs. Warder. There is no contractual relation between plaintiff and her, and the statute does not authorize a personal decree against her. It only makes the owner's property liable for the lien. Section 3, chapter 75, Code (1906); Boisot on Mech. Liens, section 212; *Hardware Co.* v. *McConnell*, 102 Ala. 577; *Hassett* v. *Rust*, 64 Mo. 325. However, if she had admitted that there was a fund in her hands due to the contractor, the court might have been warranted in giving a personal decree against her not exceeding such fund. *Taylor* v. *Netherwood*, 91 Va. 88. But we are not required to decide this question and, therefore, do not decide it. Mrs. Warder did not record her contract with Thomas. If she had desired to limit the liability of her property so that it would not exceed what she had agreed to pay him she should have recorded it. *Williams & Davisson Co.* v. *Bailey*, 68 W. Va. 681, decided at this term.

On account of the errors herein noted, the decree complained of will have to be reversed. It is, therefore, not necessary to pass upon the question whether the court erred in not re-committing the cause after the answer of the Yates, the holders of the vendor's lien, was permitted to be filed. They had a right to file their answer at any time before final hearing. Section 53, chapter 125, Code (1906); *Keck* v. *Allender*, 37 W. Va. 201; *Kimble* v. *Wotring*, 48 W. Va. 412. They did not ask to have the cause delayed. Appellants are the ones who are complaining because the cause was not delayed by a recommital, to ascertain the amount of purchase money due; yet they did not reply to the answer, and do not deny the correctness of the amount found by the court, which is much less than the amount of the

vendor's lien reported by the commissioner. When the cause goes back Mrs. !Warder will have a right to file her replication, and thereby put in issue, if she desires to do so, the amount which she owes her vendors.

We will reverse the decree and remand the cause for further proceedings, with leave to plaintiff to amend his bill, making Henry Thomas a party.

*Reversed and Remanded, with leave to plaintiff to amend.*