# CHARLESTON.

Brown *v.* United States Fidelity & Guaranty Company.

Submitted September 12, 1911.    Decided April 9, 1912.

Principal and Surety—*Action for Damages—Bond.*

If after judgment for damages recovered against a retail liquor dealer and his landlord, under section 26, chapter 32, Code 1906, known as the civil damage act, such judgment, interest and costs, as well as the costs of a suit in equity brought to enforce such judgment against the real estate of such land-

lord, be fully paid off and discharged by the surety on such liquor dealer's bond, and his property be not actually seized or taken and sold to satisfy such judgment, interest and costs, such landlord cannot thereafter sue and recover upon such bond, damages by way of counsel fees, expended by him, in said action or suit, though he may have notified the principal and surety in said bond of the institution of such action, and of his intention to look to them for all damages, costs and expenses incurred by him therein.

Error to Circuit Court, Randolph County.

Action by Paul Brown against the United States Fidelity & Guaranty Company. Judgment for plaintiff, and defendant brings error.

*Reversed.*

*Claude W. Maxwell,* for plaintiff in error.

*D. H. Hill Arnold,* for defendant in error.

Miller, Judge:

On appeal from the judgment of a justice, the court below, on facts agreed, pronounced the judgment complained of, that plaintiff recover of the defendant $174.25, being the debt, interest, and costs in said action up to the time the appeal was taken, with damages at the rate of ten per cent. per annum, from February 24, 1910, until paid, together with his costs in that behalf expended.

Defendant was summoned by the justice to answer the complaint of plaintiff in a civil action for recovery of money due on contract, in which he would demand judgment for $165.00. There was no complaint filed; but the account filed with the justice stated the defendant to be indebted to plaintiff for counsel fees, aggregating the amount demanded.

The agreed facts show that defendant was surety for one Hill, a saloon keeper, upon his bond of $3500.00, conditioned to "pay all damages and costs as may be recovered against him by any person under any of the provisions of chapter thirty-two of the Code of West Virginia, as amended." It is furthermore agreed that plaintiff was the owner of the building, in the city of Elkins, occupied by said Hill as a saloon; that during Hill's occupancy of Brown's building, both were sued in three

several actions by Cora Daniels, and her infant children, by their next friend, for sums aggregating $20,000.00, and that judgments therein, aggregating $1700.00, were recovered against them; that immediately on being sued Brown notified the defendant company thereof, and that the purpose of said suits was to recover damages for alleged illegal sale of intoxicants, by the defendant Hill to Floyd Daniels, husband and father of the plaintiffs, and that the defendant would be held liable by him, for any damages, costs or expenses, which he might sustain or incur in said suit, and that by virtue of its said bond, he would look to defendant, as bondsman for said Hill, for reimbursement; that after recovery of said judgments, a chancery suit was instituted by the plaintiffs against Brown, to enforce said judgments, and that he had employed one Hill Arnold, an attorney, to defend him in said actions at law, and also in said chancery suit, and had paid him for his services the sum sued for in this action, but for which defendant denies liability. It was further agreed, that at the time of the institution of said suits at law Hill was believed by Brown to be insolvent, and that defendant had never been able to collect from Hill any part of the judgments recovered; that after the judgments were recovered they were docketed in the judgment lien docket of Randolph county, and after the return of the executions thereon, "Not satisfied, no property found," Hill owning no real estate, the chancery suit had been instituted by the judgment plaintiffs against Brown to enforce payment thereof out of his real estate, but that this suit was finally dismissed on payment by the defendant company of the judgment, interest, and costs recovered. Defendant denies all liability for the counsel fees sued for in this action, but, if liable, does not dispute the reasonableness of these fees.

The provision of section 26, chapter 32, Code 1906, relied upon by plaintiff, is as follows: "All suits for damages under this chapter may be by any appropriate action in any of the courts of this state having competent jurisdiction: provided, however, that if the property of the landlord be seized or taken for any fine, forfeiture or amercement, by reason of the unlawful acts of his tenant, arising under the provisions of this chapter, such landlord may sue upon the bond required by this chap-

ter to be given, and may recover thereon damages to the amount incurred by him, together with costs."

The pivotal question presented is: Was Brown's property "seized or taken" within the meaning of this statute? If not, of course he has no right of action for counsel fees. Judgment was recovered against him, and recorded as a lien against his land. Execution was also issued, but was returned "not satisfied, no property found." It is agreed also that a chancery suit was brought to charge his real estate with the payment of the judgments; but did these proceedings, or either of them, amount to a seizure or taking of his property? This is the question.

The argument of plaintiff's counsel is that the judgments and the lien thereby acquired upon his lands constituted in law a seizure or taking of his property within the meaning of the statute. For this proposition they cite 1 Jones on Liens, section 3, and *In re Byrne,* 97 F. R. 762. We find nothing in these authorities, however, justifying the position of counsel. Jones defines a lien, as applied in various modes, as "an obligation, tie, or claim annexed to or attaching upon property, without satisfying which such property can not be demanded by its owner." In the federal decision, the court refers to the definition given by Bouvier, as "a hold or claim which one has upon the property of another as a security for some debt or charge." Certainly these definitions are no justification for the proposition that a mere lien thereon constitutes a seizure or taking of land. Nor can the institution of the chancery suit to enforce such lien, without more, have that effect. In *Morgan* v. *Kinney,* 38 Ohio St. 610, the question was whether the sheriff or the assignee for the benefit of creditors had the better title to certain town lots of the debtor, and this depended on whether the sheriff had made a valid levy on the property. Without going to the lots he had endorsed on the execution in his hands, that for want of goods and chattels whereon to levy, he had levied upon certain town lots in Bellaire, as the property of the debtor, no other record than this being made, any where, until after the filing of the assignment. The priority of the levy depended on the question whether within the meaning of the statute the lots had been "seized on execution," and whether the statute should be construed as intending an actual seizure. In answering this

question the court said: "From the time that a valid levy is made, the land is in legal sense 'seized in execution',—that is, rendered liable for its satisfaction." The court said in that connection that the statute nowhere required an actual seizure, which it would seem could only be done by ousting the judgment debtor.

While the case just referred to is more analogous to the case at bar than any other we have found, we do not think it throws much light on the question we have here. We must construe our statute as was plainly intended by the legislature, and in the light of the objects to be accomplished. What was that intention? Plainly to protect the landlord from having his property seized, taken and sold out of his possession, in satisfaction of some fine, forfeiture or amercement, to his hurt and injury. It cannot mean that if only a judgment is recovered and a lien acquired, which has been discharged by the obligors of the bond, before the landlord's property has been seized or taken to satisfy the same, he may still have right of action upon the bond. Such right of action we cannot conceive to be within either the spirit or letter of the bond. Moreover, the facts agreed in this case show that O. L. Hill, the principal in the bond, who was also notified by the plaintiff to defend the actions, employed competent counsel to defend them. There was, therefore, no apparent necessity that plaintiff should also incur the expense of counsel. Having done so for some motive or purpose of his own, we do not see upon what principles of justice he should be permitted to impose the additional burden on principal or surety.

Having reached this conclusion it becomes unnecessary to consider or decide any other questions raised on the record. We therefore reverse the judgment below, and on the issues and facts agreed, find for the defendant; and the judgment which we think the circuit court should have pronounced will be entered here, that the plaintiff take nothing by his action, and that the defendant recover its costs in this Court and in the circuit court, in this behalf expended.

*Reversed.*