# CHARLESTON

## BARTHLOW v. HOGE.

Submitted June 14, 1911.    Decided December 10, 1912.

1. MECHANICS' LIENS—*Enforcement—Pleading.*

   The allegations of a bill in chancery setting up a mechanics' lien need not be in the exact language of the statute. It is sufficient to show by any appropriate words that, in the assertion of the lien, the statute has been complied with. (p. 428).

2. EQUITY—*Hearing—Taking Further Evidence.*

   If the chancellor, upon or after a hearing, entertains a doubt, or some additional fact or inquiry is indispensable to enable him to make a satisfactory decree, he may properly direct that futher evidence be taken in the cause. (p. 429).

3. APPEAL AND ERROR—*Review—Discretion of Trial Court—Directing Issue Out of Chancery.*

   In directing an issue out of chancery the court has a sound discretion, which will not be disturbed unless clear abuse thereof appears. (p. 429).

4. MECHANICS' LIENS—*Enforcement—Judgment—Liability.*

   In a suit for the enforcement of a mechanics' lien by a subcontractor having no contractual relation to the owner, personal decree that the owner pay the subcontractor the amount of his claim is error. (p. 430).

Appeal from Circuit Court, Marion County.

Bill in equity by F. B. Bartholow against Patrick M. Hoge and others. From a decree for plaintiff, defendants appeal.

*Reversed in part. Affirmed in part.*

*B. L. Butcher* and *P. M. Hoge,* for appellants.

*Harry Shaw,* for appellee.

ROBINSON, JUDGE:

Bartholow performed labor and furnished material in the building of a house for Hoge, under a contract with Connell, the principal contractor. Pursuant to the statute, Bartholow asserted a lien on the house and lot for an amount which he claimed as due from Connell for the labor performed and material furnished. For the enforcement of the lien this suit was instituted by Bartholow against Hoge, the owner, and Connell, the principal contractor. Defendants answered that Connell had paid to plaintiff all of the contract price for the labor and material but a small sum, as to which remaining sum tender was made. So a definite issue arose as to whether plaintiff has been paid the debt for which he claimed the lien.

Connell produced two paid checks drawn by him in plaintiff's favor, each with a memorandum thereon that it was given in payment for the work on the Hoge contract. If these checks were so directed to be applied, they practically paid the debt as defendants contend. But plaintiff maintained that the checks when delivered to him by Connell bore no such memoranda, that he had no direction as to the account on which they were to be applied by him, and that he applied them toward payment for  other work he had done for Connell. Thus the issue narrowed down to whether these checks were indeed directed by memoranda on them to be applied to the Hoge contract, or whether that memoranda had been placed on them, as plaintiff contended, by Connell after he obtained the paid checks from the bank.

Depositions were taken by plaintiff and defendants, and the cause was submitted for decision. At a later term, the court, having inspected the papers, directed the parties to take further and additional proof. Defendants objected to this order. Additional evidence was thereafter taken and filed by both plaintiff and defendants. When the cause came on again to be heard, the court found such conflict in the evidence that it directed an issue out of chancery to be tried to ascertain whether Connell owed plaintiff the claim, or any part thereof. On the trial of this issue the jury found for plaintiff the debt claimed by him. The court overruled defendants' motion to set aside the verdict, and certified the verdict to the chancery side. Thereafter the decree from which defendants have appealed was made

in the cause.  That decree finds that plaintiff has a valid mechanics' lien against the property of Hoge, for the amount claimed by plaintiff and found by the jury to be due him from Connell.  It subjects the house and lot of Hoge to sale for the payment thereof.

It is submitted that the bill is bad and that the demurrer thereto was improperly overruled.  The bill quite definitely sets up the lien sought to be enforced, and alleges every fact essential to its enforcement.  Defendants say that the allegation that the itemized account was filed with the owner "within thirty-five days after said work was performed" is not sufficient, in that the statuate requires such itemized account to be filed with the owner within thirty-five days after the labor is performed or the material is furnished.  But it plainly appears from a reading of the bill that the words "said work" relate to the performance of labor and the furnishing of material alleged in a part of the bill preceding the use of these words.  The allegations of a bill setting up a mechanics' lien need not be in the exact language of the statute, but need only to show that, in the assertion of the lien, the statute has been complied with.

Defendants say that it was error for the court, after taking the cause for decision, to direct that further proof be taken.  This action would seem to be within the inherent power of a court of chancery.  We know of no good reason why a chancellor, in the furtherance of justice between the parties, may not call for additional evidence in order that extremely doubtful points of fact may be elucidated and more intelligently decided.  "The matter rests largely in the discretion of the chancellor, who may reopen a case where some additional fact or inquiry is indispensable to enable him to make a satisfactory decree." Fletcher on Equity Pleading and Practice, 691.  Lord Bacon, in formulating his Ordinances in Chancery, provided for the examination of witnesses after publication of the evidence, to be taken by special order *ad informandum conscientiam judicis*. The practice in proper cases has long been sanctioned.  Mr. Justice Story stated the rule thus: "New evidence to inform the conscience of the judge should not be taken but upon or after the hearing, when the judge himself entertains a doubt, or when some additional fact or inquiry is indispensable to enable him to

make a satisfactory decree." *Wood* v. *Mann*, 2 Sumn. 316, Fed.
Cas. No. 17,953. Plainly, from the terms of the order in the
case before us, it was in recognition of this rule that the order
for the further taking of evidence was made. As we have seen,
the matter was largely in the discretion of the court, and its dis-
cretion in the premises appears to have been properly exercised.

It does not appear that the court improperly directed the is-
sue to be tried by a jury. Nor is the form of the issue directed
to be tried out of chancery at all out of conformity to the one
demanded by the case. The assignments of error as to direct-
ing the issue and as to the form of the issue submitted to the
jury, therefore, must be overruled. The determination of the
single fact in issue—whether plaintiff had been paid the sum
for which he sought to enforce a lien—rested on evidence that
anyone must say by a reading thereof was so conflicting that it
would cause the chancellor grave doubt. The briefs of both
plaintiff and defendants tell us that two juries failed to agree
on the issue directed, and that it was not decided until
submitted to the third jury. This conceded fact certainly con-
firms the view that the evidence was extremely conflicting. In
directing an issue out of chancery, the court has a sound, yet
wide, discretion, which will not be disturbed unless clear abuse
thereof appears. *Alexander* v. *Davis*, 42 W. Va. 465. Our
statute, Code 1906, ch. 131, sec. 4, plainly states when such is-
sue may be directed, wherein the chancery court is authorized
to direct an issue to be tried by a jury whenever "there is such a
conflict in the evidence, as in the opinion of such court, to
render it proper." That the court properly exercised opinion
in this instance is beyond doubt. It asked a jury to determine
a doubtful question of fact, and submitted that question in such
simple form that the jury could not have misunderstood what
they were to determine.

But we find error in the decree which the court entered for
the enforcement of the lien. Though there was no contractual
relation between plaintiff and Hoge, the decree is a personal
one in favor of the former as against the latter. This is wrong.
Hoge owes plaintiff nothing. True, under the statute Hoge's
property is liable for the debt. But the debt is that of Connell
to plaintiff. The statute makes the property of Hoge liable for

this debt of another, but it does not make him personally liable therefor. Nor does any relation of contract make Hoge personally liable so that a decree in favor of plaintiff may be made a personal one against him. "It is error to render a personal decree in such suit in favor of plaintiff against the owner, if there is no privity of contract between them." *Augir* v. *Warder,* 68 W. Va. 752.

In so far as the decree adjudges that "P. M. Hoge do pay to said plaintiff F. B. Bartholow, the sum of $400.00, with interest thereon from the 23rd day of November, 1909, until paid, and the costs of this suit," it will be reversed, set aside, and held for naught; but in all other respects the decree will be affirmed. And Hoge, appellant, having substantially prevailed upon his appeal, will be awarded his costs in this relation.

*Reversed in part. Affirmed in part.*