# CHARLESTON.

C. D. MAHAN *v.* E. J. BITTING *et al.*

(No. 5872)

Submitted April 12, 1927.   Decided April 19, 1927.

1. MECHANICS' LIENS—*If Land Owner Did Not Consent or is Not Estopped, Notice of Lien Filed Against Person Contracting for Improvement Does Not Preserve Lien Against Land (Code, c. 75).*

   The mechanic's lien statute (Chap. 75, Code) makes the lien attach at the time the labor is begun or the materials are begun to be furnished; and if the person who contracted for the improvement has no interest legal or equitable in the land on which the improvement is made, and the owner has in no way agreed or consented to the improvement and is in no way estopped, a notice of lien filed against the person who contracted for the improvement will be ineffective to preserve the attempted lien against the land.   (p. 452).

   (Mechanics' Liens, 40 C. J. §§ 333, 352.)

2. SAME—*Where Owner Did Not Agree to Improvement, Conveyance of Land Long Afterward to Person Contracting Therefor Will Not Vivify Lien Attempted to be Filed Against Land (Code, c. 75, § 2).*

   And in such case, a conveyance of the land long afterwards by the owner to the person who contracted for the improvement will not vivify the attempted lien on the land thus acquired.   (p. 454).

   (Mechanics' Liens, 40 C. J. § 352.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

103 W. Va.

Appeal from Circuit Court, Jackson County.

Suit by C. D. Mahan against E. J. Bitting and others, to enforce a mechanics' lien. From a decree of dismissal, plaintiff appeals.

*Affirmed.*

*J. L. Wolfe,* for appellant.

*Lewis H. Miller,* for appellees.

Lively, Judge:

The decree appealed from, entered August 5, 1926, dismissed the bill on the ground that the mechanic's lien sought to be enforced was not a lien upon the property of defendants, because neither they, nor either of them, had legal or equitable title to the land at the time the mechanic's lien was attempted to be perfected, but that the title thereto was in another person not a party to the cause when the lien was filed. The bill was dismissed without prejudice to any proper suit.

The original, amended and supplemental bills set up and exhibited a written contract between plaintiff Mahan and defendant E. J. Bitting, dated the ............ day of July, 1920, whereby the former was to construct a dwelling house for the latter on about one acre of ground on Hood Hill near the Town of Ripley for the sum of $3,770.00, according to plans and specifications, and aver that plaintiff constructed the dwelling thereunder with changes in the plans and specifications ordered and directed by defendant E. J. Bitting, and completed it about February 1, 1921, when there was due him $2,087.86, subject to a small undetermined credit. It is charged in the original bill that defendants without the knowledge or consent of plaintiff took possession of the building and moved into it as a residence; that E. J. Bitting represented himself to be the owner of the acre lot on which the dwelling was erected, and styled himself as such owner in the written contract, but that for some reason he has not had his deed recorded, and that plaintiff has been informed that the other defendant, Irene Bitting, the wife of E. J. Bitting is claiming some interest in the lot, and she is made a party in

order that she may protect her interest, if any. The bill charges that the plaintiff's lien for work and materials was perfected in the manner and within the time prescribed by law, by filing and recording the proper notice in the county clerk's office, a copy of which notice is exhibited; and prays for the enforcement of his lien by sale of the house and lot, and that E. J. Bitting be required to file his deed, or copy thereof, to the lot, and that Irene Bitting be required to answer under oath stating what interest, if any, she has in the lot; and for general relief.

The joint and separate answer admits the contract, but charges that the house was not constructed as agreed, and that on February 5, 1921, E. J. Bitting notified plaintiff to complete the house according to contract, or it would be done at his expense, whereupon plaintiff claimed that he had completed the work, and attempted to file a mechanic's lien. The answer says that by reason of bad construction and for other reasons (not here necessary to be set out) the sum due from E. J. Bitting to plaintiff is $837.00, which is tendered in cash with the answer.

The answer says that, "defendant Irene Bitting is the owner in fee of the lot upon which said bungalow stands, and that she has a deed for the same but has not recorded the same." The answer denies that the building is completed and denies that plaintiff has any right, or has any lien upon the property. Damages for breach of the building contract, amounting to $2,000.00, are claimed by defendants, and they aver that all plaintiff is entitled to recover is the $837.00 tendered.

A vast amount of proof was taken which relates to the performance of the contract in the erection of the building, the material used, the charges made, the delays, and by whom occasioned, the occupancy of the same by defendants, the various breaches of the contract and resultant damages to defendant, and the like; all going to prove the amount, if anything of plaintiff's claim. In response to the demand of the bill that defendant E. J. Bitting produce his deed to the lot, he, in the course of his deposition, filed a copy of the deed

to Irene Bitting set up in the answer, executed by J. K. Hood and wife, bearing date on July 16, 1920, and acknowledged before a notary public on Dec. 20, 1921, the consideration being $1.00 and love and affection, conveying the lot by metes and bounds, together with right of way to the public road.

After the depositions were taken, plaintiff amended his bill, stating that the copy of the deed from the Hoods to Irene had been so filed with E. J. Bitting's deposition, and charging, "that said deed was not delivered until after it was so acknowledged and long after plaintiff had completed the building of said house and defendants had taken possession of said building and was living in the same as their home," and that title to said lot was now vested in Irene Bitting. The amended bill further charges that when E. J. Bitting made the building contract he was acting as the agent of his wife, and that she knew of and consented to the contract; that she lived near by with her father, J. K. Hood, and was frequently present at the building when it was being constructed, and gave instructions concerning the work, and moved into the house with her husband upon its completion, and thereby ratified the contract. The amended bill further says that plaintiff did not know in whom the legal title was vested at the time of the institution of the suit, and not until a year after the completion of the house, and that the amended bill was filed for the purpose of bringing the true title before the court, and of showing the agency of E. J. Bitting in making the contract. To this amended bill defendants demurred on the ground that it shows that neither of defendants had legal or equitable title to the lot at the time the alleged lien was attempted to be taken or preserved, but, on the contrary, shows that J. K. Hood or his wife owned the land; and answered, admitting the charge in the amended bill that Irene Bitting did not have title to the lot until the deed was executed and delivered by the Hoods on December 20, 1921, nearly a year after the alleged mechanic's lien was attempted to be taken and preserved; and denying that E. J. Bitting was the agent for Irene in making the building contract. The answer says that while Irene was sometimes present at the building, the

real owner of the property, Ida L. Hood, was also frequently present and gave suggestions as to the work; and Irene says in the answer that she had neither legal nor equitable title to the lot at the time contract was made, nor until nearly a year after the alleged completion of the house, and that plaintiff well knew from the public records that Ida L. Hood owned the land. The answer is sworn to. It appears from the evidence that the first payment made by E. J. Bitting a few days after the date of the contract, amounting to $1,000.00, was by check from J. K. Hood.

Who owned the lot at the time the contract was made and the building completed? The legal title appears to have been in Ida L. Hood. The bill does not allege nor is there any attempt to show that either Irene or E. J. Bitting had equitable title to the land at the time the work was done. It is not even suggested in pleading or evidence that there was any agreement or understanding between the Hoods and the Bittings that the lot was Irene's, or that she should eventually have title to it. The amended bill charges that she did not get title until the deed was executed and delivered to her, Dec. 20, 1921, long after the lien against her was attempted to be taken and preserved. If the property belonged to Irene at the time the house was built, or she had an equitable interest therein, it might be that we could well find from the evidence that E. J. Bitting acted as agent for his wife, under the principles announced in *Milligan* v. *Alexander,* 72 W. Va. 615, wherein it is held that if a husband contracts in his own name for the erection of a house on his wife's land, with her knowledge, and the work is done with her knowledge and consent, his agency for her will be presumed, and a mechanic's lien for work on the building will attach to her land; and proof that she was frequently present at the building and gave directions and suggestions as to its construction is sufficient to show her consent. But these principles can only apply where the land is owned by the wife. The husband cannot be agent for her to bind property in which she has no interest. The lien of a mechanic, laborer or materialman attaches only to the building and to the interest of the owner thereof in the lot of land

whereon it stands. Sec. 2, Chap. 72, Code. If she had equitable title at the time, and her husband acted for her, her equitable interest would be bound at least, and there is considerable authority that a subsequent conveyance of the legal title to her would enlarge the security of the lien. 18 R. C. L. p. 885, Sec. 13. But according to the pleadings she had no title until December, 1921. The trial chancellor did not pass upon the question of agency raised by the amended bill. He found from the pleadings and evidence, and so states in the decree, that neither of the defendants had either legal or equitable title to the lot at the time the mechanic's lien was attempted to be perfected, but that full title thereto was vested in another, not a party to the cause. Did the Hoods build the house through E. J. Bitting's contract, for the occupancy and use of their daughter Irene, with or without the intention of making her a gift of it by deed? The Hoods were not called as witnesses. Plaintiff contented himself with charging that Irene did not get title until nearly a year after the filing of the notice of the lien against her; and the charge is admitted in the sworn answer, and its truth accentuated by the averment that she did not acquire legal or equitable title until her parents made and delivered to her the deed on December 20, 1921, for $1.00 and love and affection. The agency of the husband for the wife, through which it is sought to bind her property, is of little consequence if she had no property to bind while that agency existed.

Plaintiff contends, however, that he having preserved his lien by filing notice thereof against E. J. and Irene Bitting in the county clerk's office, it immediately attached to the lot when the title thereto was afterwards transferred to Irene and she became the owner, under analogy to the principle applicable where a person not having title to land deeds it to another and afterwards obtains title thereto, the title afterwards so obtained passes by operation of law to his prior grantee; or where judgment is obtained and recorded the lien thereof immediately attaches to any interest in land afterwards obtained by the judgment debtor within the life of the

judgment lien. A mechanic's lien is purely a creature of the statute, and the property to which it attaches is held as security for the debt. If there be no privity of contract between the lienor and the owner of the land it is error to take personal decree against the owner. *Augir* v. *Warder et al.,* 68 W. Va. 752. A mechanic's lien is quite different from a judgment lien. The former exists only for six months after its preservation by filing the notice, unless suit be instituted within that time for its enforcement; whereas the latter may be indefinitely prolonged by renewal of execution. It will be observed that this suit was instituted at March Rules 1921, eight months before Irene became the owner of the property. She owned no property at that time against which a lien could attach or be enforced. The lien could only attach to her interest in the land when filed, and not against her personally and thus be kept alive. It could not be wandering around in the air ready to descend upon land afterwards acquired. A mechanic's lien must have something on which it may attach, else it is not a lien. A lien is a hold or claim upon the property of another as a security for some debt or charge. *Brown* v. *Guaranty Co.,* 70 W. Va. 616; *Central City Brick Co.* v. *Ry. Co.,* 44 W. Va. 294.

Under the statute the mechanic's or materialman's lien *attaches when the labor has begun or the materials shall have begun to be furnished,* and takes preference over all other subsequent liens created by deed of trust, or otherwise. Sec. 5, Chap. 75, Code 1923. See *Cushwa* v. *B. & L. Association,* 45 W. Va. 490. And it is quite generally held that if the statute makes the lien attach when the work is commenced or the labor begun, or when the materials are furnished, the lien attaches to such title only as the person who contracted for the work or materials had at the time the lien attached, and will not attach to a title subsequently taken. 2 Jones on Liens (3rd Ed.) p. 455, Sec. 1259, and cases cited: *Wagar* v. *Briscoe,* 38 Mich. 587; *Hayes* v. *Fessenden,* 106 Mass. 228, 230; *Lumber Co.* v. *Schweiter,* 45 Kan. 207. See *Coddington* v. *Hudson County Dry Dock Co.,* 31 N. J. L. 477; 40 C. J. p. 90, Sec. 73. Under Sec. 2, Chap. 75, Code, the lien of a mechanic

or materialman attaches where the contract is with the owner or his authorized agent. It appears by the pleadings, and is not controverted by the evidence, that the Hood's were the owners of the lot at the time the contract was made, the work performed and the materials furnished, and that neither Irene nor E. J. Bitting had any title thereto, either legal or equitable; and that Irene did not obtain title thereto until long after this suit to enforce a supposed lien against her land was begun. There was no lien against the lot when the suit was begun, and therefore the decree will be affirmed.

*Affirmed.*