JEROME LAMBERT, *Plaintiff below*, M. O. LITZ, *Intervening Petitioner below*, MABEL LITZ, *Executrix of the Estate of* M. O. LITZ, *deceased, Appellant*

*v.*

DOLLIE PETERS, *et als., Defendants below*, DOLLIE PETERS, *Appellee*

(No. 10926)

Submitted April 29, 1958. Decided June 10, 1958.

*H. D. Rollins, J. Edward Litz,* for appellant.

No appearance for appellee.

DUCKER, JUDGE:

M. O. Litz filed an intervening petition in the chancery cause of Jerome Lambert against Dollie Peters, pending in the Circuit Court of Lincoln County, West Virginia, praying for the allowance of a reasonable attorney's fee in that suit which was for the partition of certain real estate in which Dollie Peters had an interest. The trial court directed an issue out of chancery and entered judgment in favor of the defendant, the verdict of the jury having been that the intervenor had been adequately paid for his services. M. O. Litz, having died, this appeal is prosecuted by his wife, Mabel Litz as Executrix of his estate, in whose name the proceeding was revived. The defendant, Peters, makes no response or defense to this appeal.

The suit in which the intervening petition of Litz was filed was instituted against Dollie Peters and others for the purpose of partitioning, or, if not partitionable, of selling a tract of land containing approximately 150 acres, situate in Harts Creek District of Lincoln County, West Virginia. The plaintiff contended that the Peters' interest

in said property amounted only to a 7/48th undivided interest, and in 1944 Dollie Peters employed M. O. Litz, then an attorney at law of Charleston, West Virginia, to represent her in this litigation. The evidence disclosed by the record shows that Litz performed much service, including the filing of numerous pleadings, arguing motions, investigating the facts, taking testimony before the Commissioner in chancery and the court, filing of and arguing exceptions to the report of the Commissioner, preparing necessary orders and decrees, making fifteen or more trips to Lincoln County, and filing an opposition brief in the Supreme Court when counsel for the plaintiff, Lambert, petitioned for an appeal from the Circuit Court of Lincoln County, as well as incidental services in that connection from 1944 until September, 1954, when a final decree was entered awarding to Dollie Peters 25 acres of surface in fee, which by survey was 53.4 acres, in the 150 acre tract and 7/48th undivided interest in the remainder or residue of said 150 acre tract.

Upon completion of the litigation in which Litz represented Dollie Peters, a dispute arose between them as to compensation, and being unable to agree, Litz filed his intervening petition for an award upon a *quantum meruit* basis of a reasonable attorney's fee of not less than twenty-five percent of the total market value of the real estate so recovered, less a partial payment of $375.00 which had been paid to him, and that such attorney fee be made a lien or charge against the interest of Dollie Peters in the real estate involved in said litigation.

The trial court, on its own motion, directed an issue out of chancery and the jury returned a verdict in the following language:

"We, the jury, find in favor of the defendant, Mrs. Peters. We feel that the amount paid is sufficient remuneration for services rendered.
/s/ Lee R. Hornsby, Foreman."

Counsel for Litz moved that the trial court set aside, vacate and disregard the verdict as being contrary to the

law and evidence and as not supported by the evidence, which motion was denied, and judgment was entered according to the verdict in favor of the defendant.

The evidence of witnesses for Litz shows beyond question that the services enumerated by Litz were performed and the result indicated obtained, that a fee as claimed by Litz was reasonable and that the fair market value of the real estate recovery in favor of Peters was from $10,000 to $15,000. The answer of Peters admitted the value to be $150 to $200 per acre. There is some question as to whether Litz received as fee on this account $375.00 or $443.90, the difference apparently being some item of costs involved. Defendant claimed she had a contract as to fee, but the evidence fails to establish such contract.

The answer of Peters to the intervening petition of Litz admitted the employment of Litz as her counsel, the recovery of the 53.4 acres of surface and that the fair market value thereof was as alleged by Litz, namely not less than $150.00 to $200.00 per acre, or a minimum total valuation of not less than $8110.00; but denies that Litz is entitled to any additional attorney's fee.

The appellant assigns the following errors:

(1) That the court erred in not setting aside and vacating the verdict of the jury as being contrary to the law and evidence and being without evidence to support it; and

(2) That the court erred in not fixing reasonable compensation for the estate of M. O. Litz against Dollie Peters.

In considering the appellant's first assignment of error, it is necessary to consider the statute, Code 56-6-4, relating to issues out of chancery, which is as follows:

"Any court, wherein is pending a chancery case in which there is such a conflict in the evidence as, in the opinion of such court, to render it proper, may direct an issue thereon to be tried in such court. And the court shall have the discretion to direct such an issue to be tried before any proof has been taken by either the plaintiff or

the defendant, if it shall be shown by affidavit or affidavits, after reasonable notice, that the case will be rendered doubtful by the conflicting evidence of the respective parties. Although the verdict on such issue may be set aside, there shall be no new trial thereof, but the court may proceed to decree as if no issue had been directed. No issue out of chancery shall be directed in any other case unless specially authorized by statute.* * *"

Although it may be seriously questioned whether the issue out of chancery was authorized because of the lack of any affidavit as specified in the statute, we do not deem it necessary to decide this case on any such point, as it is not material in view of our decision as hereinafter set forth. Likewise, the instruction of the court to the jury as to the issue in the case is not material.

The first consideration here is as to the effect of the verdict of the jury on the issue out of chancery. It is clearly within the sound discretion of the trial court to order a jury trial on an issue out of chancery. *Bartholow* v. *Hoge,* 71 W. Va. 427, 76 S. E. 813. But a verdict of a jury on an issue out of chancery is only advisory. *Powell* v. *Sayres,* 134 W. Va. 653, 60 S. E. 2d 740. And the only object of a verdict of the jury in an issue out of chancery is to enlighten the conscience of the court. *Ammons* v. *South Penn Oil Co.,* 47 W. Va. 610, 35 S. E. 1004; *Mullens* v *Lilly,* 123 W. Va. 182, 13 S. E. 2d 634. And the trial court may approve or set aside such a verdict. *DiBacco* v. *Benedetto,* 82 W. Va. 84, 95 S. E. 601; 7 Michie's Jurisprudence, §145.

If, when the issue out of chancery is suggested, the proof then taken is in such state as to show that one side or the other clearly preponderates, the issue should not be ordered. *Grosscup & Co.* v. *Zogg,* 118 W. Va. 452, 190 S. E. 765.

In view of the foregoing, we are of the opinion that the appellant's case was established without substantial contradiction, and that, to say the least, the verdict of the jury afforded no enlightenment to the conscience of the

trial court, and being not even advisory, should not have been considered as either controlling or persuasive as to the determination of the issue, and judgment should not have been rendered in accordance therewith.

As to the question of allowance of the appellant's attorney fee as prayed for, the following statute, Code 30-2-15, is pertinent:

"An attorney shall be entitled for his services as such to such sums as he may contract for with the party for whom the service is rendered; and, in the absence of such contract, he may recover of such party what his services were reasonably worth."

And in applying this statute, this Court held in *Board of Trustees* v. *Avis and Angel,* 121 W. Va. 686, 6 S. E. 2d 9, syllabus:

"In conformity with Code, 30-2-15, where there is no contract fixing the amount of compensation of an attorney at law retained in a chancery proceeding, he may recover the reasonable worth of services rendered upon a *quantum meruit* basis."

The facts in this case and the law applicable convince us that the appellant clearly established his right to recover a reasonable attorney's fee and the verdict of the jury was not supported by the evidence. The work was done with good results and there was no real dispute or conflict in the evidence as to such facts. We think the statute above quoted and the decision in the last case above cited should have been followed. The question of the amount of the fee to which appellant is entitled is for the trial court to determine in accordance with the evidence, and we accordingly reverse the judgment and remand the case for the decision of the Circuit Court of Lincoln County as to this question.

*Reversed and remanded.*