## PAT. TRACY v. J. M. KERR.

MECHANICS' LIENS — *Action by Subcontractors — Parties — Counterclaim by Owner.* Under ¶ 4738, (mechanics' liens,) General Statutes of 1889, a subcontractor or other person who brings an action against the owner of a building for materials used in its construction must make the original contractor a party, and if the subcontractor or other person fails or refuses to do so, and the contractor has notice or knowledge of the pendency of the action and fails to defend the maker against such demand, the owner may defend at the cost and expense of the contractor. If the contractor is not shown to have notice or knowledge of the pendency of the action, the owner has a cause of action against the subcontractor or other person for damages by reason of the wrongful institution of the action, because of the failure to make the contractor a party. When the contractor assigns all the money due on a building contract to a lumberman who had furnished material, and who had primarily brought suit without making the contractor a party, the owner can plead such cause of action as a counterclaim.

### *Error from Chase District Court.*

THE material facts are stated in the opinion. Judgment for plaintiff, *Kerr*, at the February term, 1889. The defendant, *Tracy*, comes here.

*Madden Bros.*, for plaintiff in error.

*John V. Sanders*, for defendant in error.

Opinion by SIMPSON, C.: Prior to the commencement of this action Tracy had contracted in writing with one Connacher, a builder, to erect a house. Kerr was a dealer in lumber and building materials, from whom materials were purchased that were used in the construction of Tracy's house. Kerr brought an action against Tracy and wife to recover the value of the materials sold, alleging in his petition that Tracy's agent, Connacher, had bought the material for Tracy, and that as the material was furnished, it was at that time charged directly to Tracy; that the material furnished was of the value of $222.99. Tracy in his answer alleged, as a first defense, that Kerr had commenced his action within the period of sixty days after the completion of the building; for a second defense, denied every material allegation of the petition except the completion of the building on the 10th day of November, 1887; for a third defense, Tracy and wife specifically denied that Connacher had any authority from them to contract for or purchase any lumber, or that he was the agent of Tracy and wife, or either one of them, for any such purpose. The reply of Kerr was a general denial. The case was tried by a jury, and a verdict in favor of Kerr for $4.70 was returned, and a judgment rendered. After this judgment was rendered, and on the 13th day of December, 1888, Connacher made a written assignment of all the indebtedness of every kind and nature owing to him from Tracy, growing out of the building contract, to Kerr, and on the 14th day of December Kerr brought this suit, alleging in his petition, as a first cause of action, that Connacher had duly performed all of the conditions of the agreement on his part, and that there remained due and unpaid on said building contract the sum of $242, and asking judgment for that amount; as a second cause of action, extra work of the value of $10 done by Connacher, at the request of Tracy, with a demand for judgment for that amount. Tracy answered, first, pleading the former suit and judgment between the same parties, claiming that it was for the same debt—that the same identical lumber and building material

42 — 47 KAS.

was in controversy as in the first action; second, denied gene-
rally; third, that he had paid Connacher, plaintiff's assignor,
before the assignment, money, property, and on orders drawn
by Connacher on this defendant, the sum of $325; fourth,
that Connacher did not perform in accordance with the build-
ing contract in many particulars; that he (Tracy) was com-
pelled, by reason of the failure of Connacher to perform, to
hire men, buy materials, and complete the building himself,
at a cost of $200; fifth, that the plaintiff wrongfully com-
menced a suit against him as a contractor to foreclose a me-
chanic's lien, alleging that Tracy had bought lumber and
material from the plaintiff with which to construct said build-
ing, when in truth and in fact Connacher had bought it, and
the plaintiff ought to have commenced his suit as a subcon-
tractor, and made Connacher a party, so that Connacher would
be obliged to bear the expense of said litigation; that prior to
said suit this defendant informed plaintiff of all the facts, and
requested him to make Connacher a party, but he refused to
do so, and prosecuted the suit to final judgment without mak-
ing Connacher a party, by reason of which this defendant was
prevented from having Connacher defend said litigation and
bear the costs and expenses of the same, to the damage of this
defendant of $50.   Attached to the answer is the record of the
action of Kerr v. Tracy and wife.   The plaintiff below filed
a motion requiring the defendant to make his third and fourth
defenses more definite and certain.   The plaintiff below filed a
demurrer to the first, third and fifth defenses, on the ground
that they nor either of them did not state facts sufficient to
constitute a defense to the facts stated in the petition.   The
trial court sustained the demurrer to the first, third and fourth
defenses set forth in the answer of the defendant.   And the
defendant not amending them in any way, but excepting to the
ruling, the cause was tried by a jury, after the plaintiff had filed
a general denial to the remaining defenses pleaded in the an-
swer.   The jury returned a general verdict in favor of Kerr
for $177.80, and Tracy brings the case here for review.

The substantial complaint of the plaintiff in error is, that

the court sustained the demurrer to the first and fifth defenses. It is now insisted that by the ruling on the demurrer to the first defense the trial court has permitted Kerr to have a double recovery against Tracy, as both suits between these parties were about the same subject-matter — the lumber and materials that were used in the construction of the house. In the first suit, it is said that the legal effect of the allegations in the petition is that he had furnished the lumber and material under a contract with Tracy, and in the second, that Connacher furnished the lumber and material, and the plaintiff is his assignee.

I. Whatever may be the allegations of the first defense set forth in the answer of Tracy, it is apparent, on the state of facts heretofore recited, that the cause of action set forth in the petition of Kerr in this action was not in existence, so far as Kerr is concerned, at the time of the trial and final determination of the first action. The issue made by the pleadings in the first case was, whether Tracy was indebted to Kerr on account for lumber sold by Kerr to Tracy personally, or to his duly-authorized agent, Connacher. The issue made by the pleadings in this case is the amount due from Tracy to Connacher on the building contract. This issue could not have been tried in the first case, because at the time that suit was instituted and tried Kerr had no interest in the building contract, and had never been a party thereto, and Connacher was not made a party in that action. The question raised by the plea of *res adjudicata* is, whether or not the same subject-matter between these parties was drawn in question or included in the issue, so that it could be, or was, as a matter of fact, tried and determined by the judgment in the former action in which the same persons were parties. (*Shepard v. Stockham*, 45 Kas. 244.) This action is brought by Kerr against Tracy to recover the amount still remaining due and unpaid on the building contract, Kerr having succeeded to the rights of Connacher by an assignment made after the final determination of the first action. It is beyond dispute that the issues in the two cases are entirely separate and distinct, and that the one was

not and could not be included in the other. We think the ruling of the trial court in sustaining a demurrer to the first defense in the answer of the plaintiff in error was good, as it failed to state any defense to the action.

II. As to the demurrer to the fifth defense, this defense was based upon this state of facts disclosed by the record of the first action: Kerr commenced an action against Tracy to recover a judgment for an amount of material furnished for the construction of the building erected by Connacher, alleging that, under contract with one D. S. Connacher, contractor and builder, and agent of the said Pat. Tracy, Kerr furnished said Tracy lumber and material for the erection of a dwelling-house; that Kerr treated this as a direct sale to Tracy, and as the lumber and material was delivered Kerr charged the same directly to Tracy on his books, and so informed Tracy during the delivery of the materials. He had filed, and in his petition set up and claimed, a mechanic's lien on the building and the ground upon which it was situate, and sought to foreclose it in the action. It seems from the record that he only recovered a personal judgment for a small amount, the record nowhere showing what disposition was made of the lien. The plaintiff in error, however, claims that Kerr wrongfully commenced the first action as a contractor to foreclose a mechanic's lien against Tracy, when he ought to have commenced his suit as a subcontractor, and made the contractor, Connacher, a party, so that Connacher would be obliged to bear the expenses of said litigation; that Kerr was informed of all the facts before the commencement of his said first action, and was requested to make Connacher a party to the said suit, but refused and failed to do so, and compelled Tracy to assume the expense and pay the costs of said litigation, and employ and pay an attorney, and that by reason thereof Tracy was damaged in the sum of $75. This contention is based upon ¶ 4738, General Statutes of 1889, which provides:

"Where such action is brought by a subcontractor, or other person not the original contractor, such original contractor shall be made a party defendant, and shall at his own expense

defend against the claim of every subcontractor, or other person claiming a lien under this act; and, if he fails to make such defense, the owner may make the same at the expense of such contractor; and until all such claims, costs and expenses are finally adjudicated and defeated, or satisfied, the owner shall be entitled to retain from the contractor the amount thereof, and such costs and expenses as he may be required to pay."

In view of the provisions of this section, it practically makes no difference whether we consider Kerr technically as a subcontractor, or one of "the other persons claiming a lien under this act," for the language is so plain, the command that the contractor be made a party so imperative, that requirement is so mandatory, and the result of a failure or refusal to make him a party is so specifically stated, that there seems to be no fair ground, either by construction or otherwise, on which to place approval of the ruling of the trial court. The provision in question is a just and equitable one for the owner of the building. He ought not to be required to litigate at his own expense all the differences that naturally and inevitably arise between the contractor and the men who furnish material to him, and those who are hired by the contractor to perform labor on the building. This provision was designed to relieve him from the trouble and expense of a litigation in which he has practically no interest. This provision, and the one that the owner shall not become liable to any claimant for any greater amount than he agreed to pay the original contractor, are designed for the protection of the owner of the land and building, and are deserving of such liberal interpretation as will best accomplish the intent of the legislature. It may be suggested that if the subcontractor, or other person not the original contractor, neglect or refuse to make the contractor a party, the owner may do so on his own motion, and while it is probably true that the trial court would permit or order this to be done, yet the plain command of the statute is, that the contractor shall be made a party, and we think it is primarily the duty of the party instituting such an action to do so. In this case Kerr was requested so to do and

refused, and Tracy was compelled to assume the burden and to pay the expenses of a litigation that the legislature casts upon the contractor.    He now seeks to recover the costs and expenses of such litigation from the assignee of the contractor. We think he cannot do this, for the evident reason that there is no showing in the record that Connacher ever had notice or knowledge of the pendency of the original action; but he has a cause of action against Kerr personally for the recovery of the costs and expenses necessarily incurred by him because of Kerr's wrongful institution of that action.    We are aware that this may prove to be a troublesome construction of the statute, as in every instance the subcontractor or "other person" may refuse to make the contractor a party, but for this refusal or neglect several remedies may be suggested.    It might be that, if the subcontractor failed to make the contractor a party, there would be a defect of parties defendant, or the owner might serve a notice on the contractor similar to that served by the grantor on his grantee in actions for damages occasioned by a breach of the covenants of warranty in a deed to real property.    These are suggestions, rather than authoritative declarations, but as this record nowhere shows that Connacher had notice or knowledge of the pendency of the original action, we think the defense was not good in this respect, because no statutory liability was shown.    Tracy unquestionably has a cause of action against Kerr personally for the recovery of his costs and expenses necessarily incurred by reason of Kerr's wrongful institution of that action; but can Tracy plead it and recover in this action?    This is a vexed question.    If Tracy can recover the costs and expenses of the former litigation in this, action, it must be by waiving the tort and suing on the implied promise.    Can it be joined with the other defenses pleaded as a counterclaim?    It is a claim existing in favor of Tracy against Kerr, between whom a several judgment might be rendered in an action; that is, Tracy could bring an independent action against Kerr to recover the costs and expenses of the first suit.    It arises out of the contract now sued upon by Kerr, and is connected with the subject of

the action. According to the authorities cited in the case of *Deford v. Hutchison*, 45 Kas. 318, 332, although they were not authoritatively applied in that case, (see opinion on motion for rehearing,) we think that the defense stated facts sufficient to constitute 'a counterclaim, and that the court erred in sustaining a demurrer thereto. We recommend that the judgment be reversed, with instructions to overrule the demurrer to the fifth defense.

By the Court: It is so ordered.

All the Justices concurring.