Reed, J.,
delivered the opinion of the court.
Appellees brought suit to enforce statutory liens against the property of appellant for material furnished in the building of a house.
In March, 1890, appellant entered into a contract with one J. B. Smith, whereby the latter was to furnish the material and complete the building according to specifications, to the satisfaction of the architect of the former for the gross sum *166 of $3,185, to be paid, 75 per cent of estimates made May 1st and June 1st, and the balance, with the 25 per cent retained, to be paid at the completion of the building.
Smith entered upon the construction and prosecuted it until June 1st, when he abandoned it and left the country, owing the different bills to subcontractors for which suits were brought.
There was no controversy in regard to the facts, the honesty, or amount of the respective claims. Upon the 1st of May, appellant paid Smith upon the estimate $250, and upon June 1st, $1,125, leaving, of the contract price for which Smith was to complete the building, $1,810. After the abandonment by Smith, appellant completed the building himself, according to the specifications, at a cost of $1,961.47.
Smith was made a party in the petition, but having absconded, and his whereabouts unknown, no service was had upon him, and the parties proceeded to adjudicate the matters without his having been brought in, which is claimed to have been erroneous, and Davis v. John Mouat Lumber Co., 2 Colo. App. 381, is cited and relied upon to support the contention.
Davis v. Lumber Co. (supra) is conclusive of this case. The necessity of making the contractor a party is carefully examined and discussed fully. The court said: “ It has been often held that the contractor was an indispensable party to the action. With this we agree, and adjudge that the contractor is not only a proper, but a necessary and indispensable party, against whom a debt must be established as the foundation of the decree for the foreclosure of the lien.” This conclusion is well sustained by authority. See Phillips on Mech. Liens, § 397; Freeland v. Ellsworth et al., 71 Iowa, 347; Keen v. Flynn, 51 Mich. 573; Sinnickson v. Lynch, 25 N. J. L. 317; Pennoyer v. Neff, 95 U. S. 714.
The conclusion is founded on principle and sound legal logic. No privity .of contract exists between the owner and the subcontractor; the contractor is the primary debtor; if the amount could be collected from him there would be no *167 resulting claim against the property of the owner; the claim against the property is secondary, ancillary. Not only must there he a primary judgment against the contractor but there must be an adjudication or settlement of the amount due subcontractors — matters of which the owner can have no knowledge whatever- — -and in order to fix the amount for which subcontractors could charge the property, an adjudication or accounting between the owner and the contractor is indispensable.
It is claimed that by proceeding to trial without urging and relying upon the want of the contractor as a necessary party the irregularity was waived. In such cases there can be no waiver. A judgment against the contractor is an indispensable prerequisite to a lien upon the property. The owner and subcontractors cannot adjudicate and settle the accounts and equities between the contractor and the subcontractors, nor can they adjudicate and adjust claims and matters between the owner and the contractor. In one case the owner and contractor are the contracting parties, in the other the contractor and subcontractors. The right to tire lien is purely statutory, is subsidiary and contingent, dependent upon the enforcing the judgment against the contractor. The owner is not primarily liable — hence the indispensable necessity of the contractor being before the court as a party to a triangular adjudication, and the necessity, primarily, of a judgment against the contractor as a basis of proceedings against the property of the owner.
It follows that the decree in this case cannot be sustained.

Reversed.