## The Union Pacific Railway Company v. Davidson.

1. Mechanics' Liens—Service of Statement.

Under the provisions of the mechanic's lien act of 1889, the claimant of a lien was required to serve upon the owner of the property, his agent or trustee, a statement of the lien at or before the time the same was filed with the county clerk. Such service could not be made upon a corporation by giving a copy to a clerk of the superintendent of the company.

2. Same—Parties.

In actions to enforce the lien of a subcontractor arising under mechanic's lien laws, the contractor should be made a party.

3. Same.

The contractor and all claimants of liens should be made parties to an action brought to enforce a lien, and all should have their rights adjudicated in one action and protected and enforced in one judgment.

*Error to the District Court of Arapahoe County.*

This is an action to enforce a mechanic's lien which, if it accrued at all, arose after the amendments of the mechanic's lien act of 1889 went into effect. Davidson, the plaintiff, was employed by one Sipole, a subcontractor, to do work upon a railroad grade of which the defendant railway company was the owner. D. D. Streeter was the original contractor, but was not made a party defendant to this action.

Upon trial by the court a personal judgment for the amount of the claim was given in favor of the plaintiff against Sipole, and a lien therefor adjudged against that portion of the railway company's grade upon which the plaintiff labored.

From the decree enforcing this lien the railway company comes here by writ of error, and assigns numerous errors as grounds for reversal. Only two will be considered, as they are decisive of the case.

Messrs. Teller, Orahood & Morgan, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Campbell delivered the opinion of the court.

1. There was no compliance by the plaintiff with that part of section 3 (p. 249, Session Laws 1889) which requires the claimant of a lien to serve upon the owner of the property, his agent or trustee, a copy of the statement of lien at or before the time when he files the same with the county clerk and recorder. The proof is that the plaintiff went to the office of Mr. Choate, the superintendent of the defendant company, to serve such copy upon him, but the latter was not in his office. Thereupon the plaintiff gave said copy to a clerk in the office, who promised to deliver it to the superintendent; but there is no evidence to show that the promise was kept or the notice received by the superintendent. If it be assumed that Mr. Choate was the agent or trustee of the company, in respect to this work of grading (as to which there is no evidence at all), under no construction can it be held that this service of a copy of the lien statement upon the clerk of the superintendent of the defendant company was such service as the statute prescribes.

2. It has been held in other jurisdictions, even in the absence of a statute to that effect, that in actions to enforce the lien of a subcontractor arising under mechanic's lien laws, the contractor should be made a party defendant. The mere statement of this rule carries with it its own justification. The general scope of our mechanic's lien acts clearly contemplates that the contractor and all claimants of liens shall be made parties to an action brought to enforce a lien, and that all shall have their rights adjudicated in one action and protected and enforced in one judgment.

Section 8 (p. 251, Session Laws 1889) declares that "any such claim of any subcontractor that shall be established under this act by the judgment or decree of court, shall, to the full amount thereof, be a valid set-off in favor of such owner and against the contractor," but not to "any greater

extent than the contract price for the building or other improvement, or total indebtedness of the owner to the contractor for the whole work." We must not suppose that the legislature by this intended that the owner should be entitled to such set-off against the contractor unless the latter was a party to the action in which his rights were determined. In this case service upon the original contractor was feasible. He was in the county at the time the suit was instituted, and he could easily have been brought in. To this effect is the case of *Davis v. Mouat Lumber Co.*, 2 Colo. App. 381.

For the foregoing reasons, the judgment should be reversed and remanded, with instructions to the district court to set aside the decree in so far as it seeks to enforce a lien against the property of the defendant railway company, and as to such defendant, to dismiss the action.

*Reversed.*