(42 Misc. Rep. 338.)

CRANE CO. v. PNEUMATIC SIGNAL CO. et al.

(Supreme Court, Special Term, Monroe County. January, 1904.)

1. MECHANIC'S LIEN—BANKRUPTCY—EFFECT.
    Where a mechanic's lien was not filed until after defendant had been adjudged a bankrupt, the complaint will be dismissed.

2. SAME—TRUSTEE IN BANKRUPTCY.
    A trustee in bankruptcy takes title absolute, freed from all liens, except such as are expressly preserved by the bankrupt act of July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418].

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 294.

Action by the Crane Company against the Pneumatic Signal Company and others to foreclose a lien. Motion to dismiss complaint. Granted.

Horace McGuire, for plaintiff.

Elbridge L. Adams, for Pneumatic Signal Company.

John Van Voorhis & Sons (Eugene Van Voorhis, of counsel), for McDonald & Dumond.

Raines & Miller (Thomas Raines, of counsel), for Smyth, trustee, etc.

NASH, J. The complaint alleges that the mechanic's lien sought to be foreclosed was filed after the adjudication in bankruptcy. It· was held in the case of Matter of Dey, 3 Nat. Bankr. R. 305, Fed. Cas. No. 3870, that any lien to be recognized by the bankruptcy court as a valid lien on property, which passes from the bankrupt to the assignee in bankruptcy by virtue of the proceedings in bankruptcy, must be a lien at the time of the commencement of the proceedings in bankruptcy. This decision was rendered under the provisions of the former bankrupt law (Act March 2, 1867, c. 176, 14 Stat. 517), but the principle is as applicable under the present (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) as under the former bankrupt act. Matter of Dey was reversed (9 Blatchf. 285, Fed. Cas. No. 3,871), but without questioning the rule that the lien must exist at the time of the commencement of the proceedings in bankruptcy. It was held by the Circuit Court that, under the mechanic's lien law of New Jersey, the lien attached as of the time the labor was performed, and therefore it existed at the time of the commencement of the proceedings in bankruptcy. It was held by the Circuit Court of Appeals (Matter of Roeber, 9 Am. Bankr. R. 303, 121 Fed. 449, 57 C. C. A. 565), as in Matter of Dey, 3 Nat. Bankr. R. 305, Fed. Cas. No. 3870, that the trustee in bankruptcy takes title free from a lien for material furnished for a building, where the notice of lien was filed pursuant to and in accordance with the lien law of New York, but after the contractor had filed his petition in bankruptcy. Wallace, J., after stating that, until the materialman has filed his notice, he is a creditor at large, and, if he does not choose to avail himself of the benefit of the statute, he occupies no better position than other creditors of the contractor, refers to the case of Armstrong v. Borden's Condensed Milk Co., 65 App. Div. 503, 72 N. Y. Supp. 1014, afterward reversed by the Court of Appeals. But Judge Wallace announces the rule upon principle and for reasons which he states, as does Gildersleeve, J., in Lazzari v. Havens, 39 Misc. Rep. 255, 79 N. Y. Supp. 395, cited in the note.

In the case of John P. Kane Co. v. Kinney, 174 N. Y. 69, 66 N. E. 619, ·relied upon as holding a contrary doctrine, it was held: That, under a general assignment for the benefit of creditors made by a general contractor, who has furnished material for a building, for which moneys are due or are to become due, the assignee takes title to such moneys subject to liens filed by laborers, mechanics, and materialmen subsequent to the assignment, but within the 90 days prescribed by statute. The lien is held to be an inchoate right, which exists during the running of the 90 days, as against the general assignee of the contractor, which may be made absolute by filing the notice within the

time prescribed by the statute. That such an assignee takes the property of his assignor subject to all equities and liens that might have been enforced before the assignment. The reason of the rule there held is stated by Judge O'Brien as follows:

"We are not now dealing with a case where the fund has been assigned for a valuable consideration, or with a case where a vigilant creditor has secured in some way a specific lien upon the fund prior to the time of filing the plaintiff's notice of lien. We are dealing with a case of an assignee for the benefit of creditors, who stands in the place of his assignor, with no other or greater rights, and who takes the property subject to every equity and claim that might have been asserted by third parties."

The trustee in bankruptcy takes title absolute, freed from all liens except such as are expressly preserved by the provisions of the bankrupt act.

The difference between the legal position of a bankrupt after adjudication, and that of an assignor for the benefit of creditors, is pointed out, and the reasons for the rule here contended for by the defendants are well stated, by Holt, referee, in Matter of Huston, 7 Am. Bankr. Rep. 92, although the referee there felt constrained to follow the decision of Judge Thomas in another case, in which no opinion appears to have been filed.

Motion to dismiss the complaint should be granted. Motion granted.