## EBERLE et al. v. DRENNAN et al.

No. 2070. Opinion Filed December 3, 1912.

On Rehearing November 4, 1913.

(136 Pac. 162.)

1.    **APPEAL AND ERROR**—Reference—Proceedings—Report—Effect.
Under section 2812, Comp. Laws 1909 (Rev. Laws 1910, sec. 2803),
a trial before a referee is conducted in the same manner as a trial
by the court, and when he is to report the facts his report has the
effect of a special verdict.

2.    **MECHANICS' LIENS**—Contract—Agent of Owner. Section 6151,
Comp. Laws 1909 (Rev. Laws 1910, sec. 3862), requires that the
labor or material for which a lien is claimed must be furnished
under a contract with the owner' of the land, but a contract made
through the agency of one who is authorized to represent the
owner, or whose acts are fully ratified by the owner with full
knowledge of all the facts, is the contract of the owner of the
land, within the meaning of the statute.

3.    **PARTIES**—Defect—Waiver of Objection.. It is well settled that
a defect of parties must be taken advantage of by demurrer if
the defect appears upon the face of the pleading, otherwise by
an answer, and if such objection is not made by way of de-
murrer or answer, then the defect is deemed to be waived.

4.   **MECHANICS' LIENS—Right to Lien—Subcontractors.** Where
the referee finds upon sufficient evidence that certain material-
men and laborers furnished material and performed labor which
was used for the construction of a building under a contract with
the contractor, such materialmen and laborers are entitled to ob-
tain a lien upon the land whereon such building is erected, in
accordance with the provisions of section 6153, Comp. Laws 1909
(Rev. Laws 1910, sec. 3864).

5.   **APPEAL AND ERROR—Presentation for Review—Sufficiency.**
The Supreme Court will not ·pass upon assignments of error based
upon the action of the court below in sustaining a demurrer to
a pleading, where the party complaining fails to comply with that
part of court rule No. 25 (38 Okla. x, 95 Pac. viii) which re-
quires him to set forth the material parts of the pleading upon
which he relies, together with such other statements from the
record as are necessary to a full understanding of the questions
presented to this court for decision, so that no examination of
the record itself need be made in this court.

6.   **MECHANICS' LIENS—Construction of Statute.** The provisions
of the mechanics' lien law should be interpreted so as to carry
out the object had in view by the Legislature in enacting it,
namely, the security of the classes of persons named in the act,
upon its provisions being in good faith substantially complied
with on their part.

7.   **SAME—Statement of Liens—Sufficiency.** Where materials are
furnished by a subcontractor to a firm of building contractors
composed of K. & S., for the erection of a building, and in his
statement for a lien such subcontractor names K. as the person
with whom he dealt as the contractor, and where there is nothing
to indicate that the owner of the land whereon the building was
erected was misled or injured by the failure of the subcontractor
to correctly state the name of the contractors, such subcontractor's
lien will not be declared invalid because of such error.

ON REHEARING.

8.   **MECHANICS' LIENS — Foreclosure—Parties.** Under the provi-
sions of section 6156, Comp. Laws 1909 (Rev. Laws 1910, sec.
3867), where an action is brought by a subcontractor or material-
man to enforce a lien against the property of the owner, the
original contractor is an indispensable party thereto.

9.   **BANKRUPTCY — Mechanics' Liens—Foreclosure—Parties—Trus-
tee in Bankruptcy.** Where, however, in such case the original
contractor during the construction of a building is adjudged a
bankrupt, the bankruptcy trustee should be made a party de-
fendant in actions by subcontractors or materialmen, and the
unenforceable judgment taken against him made the basis upon
which the liens claimed against the property are predicated.

10.  **MECHANICS' LIENS — Foreclosure — Bankruptcy of Principal
Contractor—Effect.** Where on the construction of a building the
principal contractor becomes a bankrupt, and the owner requests

or consents to an order of the bankruptcy court directing the receiver or trustee of such contractor to complete his contract, and such order is made, the mere fact of bankruptcy of the original contractor will not preclude recovery against the owner, or the enforcement of a lien against the property for services rendered or materials furnished within the scope of the contract.

11. **APPEAL AND ERROR**—Disposition of Cause—Foreclosure of Mechanics' Lien. On an action brought to enforce against the property liens claimed by subcontractors and materialmen, where the original contractor is not made a party, the judgment will not be reversed and rendered, but the case will be remanded to allow such original contractor to be made a party, and a new trial granted therein.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Wm. M. Bowles, Assigned Judge.*

Action by R. H. Drennan against Lena L. Eberle and John M. Eberle. From the judgment, defendants Eberle bring error, and defendant Oklahoma Brick Company files cross-petition in error. Remanded on rehearing.

*John S. Hunter,* for plaintiffs in error.

*Burwell, Crockett & Johnson,* for Oklahoma Brick Company.

*O. C. Black* and *H. Y. Thompson,* for H. Y. Thompson, trustee.

KANE, J. This was a suit to foreclose a mechanic's lien, commenced by the defendant in error, R. H. Drennan, who was plaintiff below, against Lena L. Eberle and John M. Eberle, in which the other defendants in error and the cross-petitioner, the Oklahoma Brick Company, were made defendants. A referee made findings of fact and conclusions of law, upon which there was a decree entered in favor of all the lienholding defendants, except the Oklahoma Brick Company (and a few other claimants who did not appeal), whereupon Lena L. Eberle and John M. Eberle, plaintiffs in error, commenced this proceeding in error, to reverse the decree of the several lienholders, and the brick company appealed from the action of the court in refusing to allow its lien.

It seems: That on the 7th day of July, 1906, Robert Kruger and John M. Eberle signed a written contract in their own name, by the terms of which Kruger was to erect and complete a brick business house for Eberle on certain lots, which, it afterwards developed, belonged to Eberle's wife. In pursuance of said contract, said Kruger, together with one Henry Sessing, proceeded to erect the house upon said lots, and it was in furnishing materials to Kruger on this contract the liens sought to be foreclosed arose. That on the 19th day of December, 1906, and before the completion of said building, Robt. Kruger filed his voluntary petition in bankruptcy, and was on the same day adjudged a bankrupt, and Robt. Eacock was duly appointed receiver for the bankrupt estate, and the proceedings in bankruptcy were then and there duly referred to the referee in bankruptcy for final settlement. Thereafter the defendants in error filed with the clerk of the district court their several mechanics' lien statements against the property in controversy, and about the same time they each filed with the court of bankruptcy their money demand and claim against the estate of Robt. Kruger, bankrupt, covering the same items and subject-matter, and in like amount as set forth in their several mechanics' lien statements, except they did not plead their claim for a mechanics' lien in the bankruptcy court. All of the claims thus filed were approved in favor of the claimants, and judgment rendered thereon against the estate of Robt. Kruger. Thereafter Drennan commenced this action, as aforesaid, making the Eberles, the trustee in bankruptcy and all the other lien claimants parties defendant.

The contentions of plaintiffs in error are indicated by the following propositions in the form of questions quoted from the brief of their counsel:

"(1) Can a mechanics' lien be had, or maintained, where the contract for the improvement of a tract or piece of land is not made with the owner? (2) Can a sub-contractor or materialman or workman bring an action and foreclose his mechanic's lien against the owners of property, where there is no privity of contract between the owner and such sub-contractor or materialman or workman, without making the original contractor, or his personal representative, a party to such action, and pro-

cure first a personal judgment against the original· contractor? (3) Were any of the mechanic's lien claimants in this case sub-contractors or materialmen that come within the terms of our statute?"

The referee found, and his findings are entitled to the same weight as the special verdict of a jury, that John M. Eberle and Lena Eberle were husband and wife, and that the title to the property described was in Lena Eberle; that whilst the title to the land in question was in Lena Eberle, and the contract for the building was signed by John M. Eberle, yet he was acting as the agent of the wife in his transactions with Kruger, and all his actions were ratified by his wife, with full knowledge of all that had been done. As this finding is amply supported by the evidence, it disposes of the first contention of plaintiffs in error.

It is true, as contended by counsel, that the statute (section 6151, Comp. Laws 1909 [Rev. Laws 1910, sec. 3862]) requires that the labor or material for which a lien is claimed must be furnished under a contract with the owner of the land, but a contract made through the agency of one who is authorized to represent the owner and whose acts are fully ratified by the owner, with full knowledge of all· the facts, is the contract of the owner of the land within the meaning of the statute.

On the second proposition, the referee found that, the claims having been adjudicated and allowed in the bankruptcy court, the trustee being a party to this action, and a general prayer for relief being asked, the principal obligor is sufficiently a party to this action to entitle the parties otherwise entitled thereto to a foreclosure. No authorities are cited in support of this proposition by counsel for any of the parties. Counsel for plaintiffs in error cites some authorities to the effect that an original contractor is a necessary and indispensable party to an action to foreclose a mechanic's lien by a sub-contractor. Phillips on Mechanics' Liens, sec. 395, p. 643.; Rockel on Mechanics' Liens, sec. 229, p. 553; *O'Brien v. Gooding et al.*, 194 Ill. 466, 62 N. E. 898·; 27 Cyc. 435. Those cases differ from the one at bar, however, in that there was no trustee in bankruptcy in them who was made a party to the foreclosure proceedings. Whatever may be said upon the merits of the foregoing contention or

the correctness of the referee's conclusion, the second contention of the plaintiffs in error must be decided against them on another ground. It is well settled that a defect of parties must be taken advantage of by demurrer if the defect appears upon the face of the pleading, otherwise by an answer, and if such objection is not made by way of demurrer or answer, then the defect is deemed to be waived. *Wyman v. Herard,* 9 Okla. 35, 59 Pac. 1009; *Miller et al. v. Campbell, etc., Co.,* 13 Okla. 75, 74 Pac. 507; *Culbertson v. Mann,* 30 Okla. 249, 120 Pac. 918. The plaintiffs in error, having failed to raise this question in any of their pleadings, are precluded from raising it at this time.

On the third proposition, the referee found that the successful lienholders furnished the material and performed the labor which was used in the construction of said building under contracts with Kruger, the contractor. The statute (section 6153, Comp. Laws 1909 [Rev. Laws 1910, sec. 3864]) provides that:

"Any person who shall furnish any such material or perform such labor under a subcontract with the contractor, or as an artisan or day-laborer in the employ of such contractor, may obtain a lien.   *   *   *"

There is no contention that the finding of the referee is not based upon sufficient evidence. It seems to us that under that finding the materialmen and laborers embraced therein were entitled to a lien.

There is another assignment of error, to the effect that the court erred in sustaining a demurrer to the first, third, and fourth counts of the plea and answer, filed by these plaintiffs in error to the amended petition, and several cross-petitions in the district court. As counsel has not complied with rule 25 (38 Okla. x, 95 Pac. viii) of this court in that he has not set forth the material parts of the pleadings to which the demurrer was sustained, together with such other statements of the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court, we will not pass upon this assignment.

The finding of the referee in relation to the claim of the Oklahoma Brick Company was set aside by the court, and a

new finding of fact by the court was substituted therefor, as follows:

"That the Oklahoma Brick Company, furnished the material, consisting of building brick for use in the erection of the building in controversy herein, to N. E. Sessing and Robt. Kruger, a partnership composed of Robt. Kruger and N. E. Sessing; that said brick were all used in the erection of said building, but that, the same having been furnished to the said firm of Sessing & Kruger, the said Oklahoma Brick Company is not entitled to any lien on said building; that there remains due and unpaid on said account the sum of $223.56."

On the authority of *First National Bank of Shawnee v. Oklahoma National Bank of Shawnee,* 29 Okla. 411, 118 Pac. 574, the cross-petitioner contends that the court below was without authority to reject the findings of the referee and substitute findings of its own. Without passing upon that question, it seems to us the court drew an erroneous conclusion of law from the facts found by it. It is true that there is some evidence in the record tending to support the findings of the court that Kruger and Sessing were partners in so far as the brickwork of the building under construction was concerned; but, it being admitted that the brick company furnished the material for use in the building in controversy under a contract with Kruger, a member of the firm, the fact that Kruger and Sessing were partners would not deprive the claimant of its lien merely because its statement named Kruger alone as the person to whom the materials were furnished. The purpose of the mechanic's lien law is to afford security to a designated class of persons. The statute provides the procedure to be followed in order to come within the provisions of the law, and if one of that class furnishes material which is actually used in the construction of a building, and subsequently complies with the provisions of the law relative to the procedure necessary to establish a lien, he should not be divested of his right by reason of his failure to state with precision the party to whom the material was furnished. This is particularly true where it is not made to appear that the party against whose property the lien is claimed has been injured by reason of any such technical defect. The essen-

tial fact to be set out in the lien statement is that certain materials were furnished which were actually used in the construction of the building on certain described premises. The purpose of naming the contractor in such statement is apparently to apprise the owner under what authority the material was furnished, and thereby afford him protection as to payments to be made to the contractor, and unless the owner has been misled to his injury by reason of the erroneous designation of the parties to whom the materials were furnished, such a defect is not fatal.

In *Putnam et al. v. Ross et al.*, 46 Mo. 337, the notice of claim stated that the indebtedness was due from Ross & Shane, contractors. It turned out that the claim was against Ross alone, his former partner. The owners of the premises insisted that the error in the notice was fatal to the plaintiff's lien, but the court held:

"The defendants' view seems to be founded upon the theory that the mechanic's lien enactment is in derogation of the common law, and that its provisions are therefore to be construed with a rigid strictness against those who seek to avail themselves of its intended benefits. There may be decisions which lend support to that theory, but the better opinion is that the provisions of the mechanic's lien law should be interpreted so as to carry out the object had in view by the Legislature in enacting it, namely, the security of the classes of persons named in the act, upon its provisions being in good faith substantially complied with on their part. It has become the settled policy of this state, as in most, if not all, the states, to secure mechanics and materialmen by giving them a lien upon the property they have contributed to improve or create. The law itself has grown up from small beginnings to its present unquestioned importance. And the whole course of legislation on the subject shows that it has been the intention of the Legislature to avoid unfriendly strictness and mere technicality. The spirit and purpose of the law is to do substantial justice to all parties who may be affected by its provisions. It has therefore been enacted (Gen. Stat. 1865, p. 911, sec. 19) that when a party who deals with the principal contractor, and not directly with the owner, wishes to avail himself of the benefits of the enactment, he shall notify the owner, ten days in advance of filing the lien, of his purpose to do so, stating in the notice the amount of his claim, and 'from whom it is due.' The plaintiffs sought to comply

with that requirement, but failed to state with precision who was their debtor, giving the name of a business firm, instead of the name of the party who had been the senior member of that firm. He gave the name of his real debtor, but erroneously coupled with it the name of a third party who was not liable. Were the defendants misled to their injury by this mistake? If so, they ought not to suffer in consequence of the plaintiffs' inadvertence. But there is no probability that they were harmed by the error. At all events it is not to be so presumed in the absence of evidence. If the error wrought the defendants any harm, it cannot be difficult for them to show it; but they aver nothing and prove nothing in that direction. Their objections rest on purely technical and overcritical grounds."

Substantially the same conclusion was reached in *Tibbetts v. Moore*, 23 Cal. 208, where it was held that a notice which stated that the materials were furnished to "Moore & Co." was sufficient, although the materials were in fact furnished to Moore alone. And in *Hauptman v. Catlin*, 3 E. D. Smith (N. Y. Com. Pleas) 666, where it was held that where a notice stated a claim against A. and B., his wife, upon a contract with A. alone, and the contract was in fact made by the husband, acting merely as the agent of his wife, the notice was sufficient.

The Supreme Court of Kansas · (*First Presbyterian Church of Hutchinson v. Santy et al.*, 52 Kan. 462, 34 Pac. 974) passed upon the same question in a case somewhat similar to the case at bar. In that case the materials were actually furnished to a partnership, but in the lien statement the sub-contractor named only the individual member with whom he dealt as the contractor. In discussing the question now under consideration, Mr. Justice Allen says:

"In the statement filed by the Hutchinson Hardware Company, the trustees are named as the owners of the building, and George E. Thompson, one of the contractors, alone is named as the contractor. It is urged that this is insufficient; that the church corporation should have been named as the owner, and the firm name of Thompson, Hanna & Co. should have been given as the contractors. Section 3, art. 12, of the Constitution reads: 'The title to all property of religious corporations shall vest in trustees, whose election shall be by the members of such corporation.' In the statement five persons are named as trustees of the First Presbyterian Church of Hutchinson. As the legal

title to the property, under the constitutional provision, is vested in the trustees, and, as they were named, not as individuals, but as trustees of the church corporation, the statement is clearly sufficient in that respect. George Thompson, one of the firm of Thompson, Hanna & Co., is alone named as the contractor. It appears that the materials furnished by the hardware company were in fact sold and charged to Thompson, but were so sold to be used in the erection of the church building, and the items charged were entered on the daybook as for the church. Thompson alone was not the contractor, but he was the head of the firm who were the contractors. He, in fact, bought all of the hardware from the company for the purpose of using it in the erection of the building. It was so used. The plaintiff in error had the full benefit of it, and unless the defendants in error have failed to comply substantially with the law, they should be protected in their lien. The object of naming the contractor would seem to be to apprise the owner and other persons by what authority and under whom the sub-contractor claims a right to his lien. Now, it might happen, doubtless often does, that subcontractors are not informed as to the names of all persons interested in the original contract and the firm name in which the contract is taken. It would not be just, nor does the spirit of the statute require, that subcontractors should be defeated of their liens if they make a mistake by incorrectly naming the original contractors, where the name is given of the contractor with whom they dealt, and who was, in fact, in charge of the work of erecting the building as a contractor. *Tibbetts v. Moore,* 23 Cal. 208; *Davis v. Livingson,* 29 Cal. 283; *Putnam v. Ross,* 46 Mo. 337; *Brown v. Welch,* 5 Hun (N. Y.) 582."

It seems to us that under the foregoing authorities the court should have allowed the lien of the Oklahoma Brick Company upon its own findings of fact. In all other respects the judgment of the court below is affirmed, and the cause remanded, with directions to enter judgment in accordance with the views herein expressed.

All the Justices concur, except DUNN, J., absent.

## ON REHEARING.

DUNN, J. On the coming down of the original opinion in this case plaintiffs in error filed their petition for rehearing, as also did H. Y. Thompson, successor to W. C. Pierce, who was

trustee in bankruptcy for Kruger, the original contractor. It is insisted by plaintiffs in error: First, that by and on account of the bankruptcy of the original contractor, the claims for liens against the property of these plaintiffs in error on the part of the subcontractors and materialmen were wiped out; that there is but one debt, which is the debt of the contractor, and when this is settled, either by payment or bankruptcy, the foundation for the lien fails, and to support this claim they cite the case of *Pike Bros. Lumber Co. v. Mitchell,* 132 Ga. 675, 64 S. E. 998, 26 L. R. A. (N. S.) 409, and some other cases from that jurisdiction. Counsel for the lien claimants as against this contention cite, among others, the following authorities: *In re Adam Huston,* 7 Am. Bankr. Rep. 92; *Crane Co. v. Smythe,* 42 Misc. Rep. 338, 86 N. Y. Supp. 711, 94 App. Div. 53, 87 N. Y. Supp. 917, 11 Am. Bankr. Rep. 747; *Matter of Grissler,* 136 Fed. 754, 69 C. C. A. 406, 13 Am. Bankr. Rep. 508—to support the proposition that an adjudication of bankruptcy of the original contractor does not cut off the right of a subcontractor or materialman to file and enforce his lien against the owner's land, and in our judgment it was not the intention of the Legislature in its passage of the mechanic's lien act to provide that the insolvency or bankruptcy of the principal contractor should defeat the claims mentioned. See, also, *John P. Kane Co. v. Kinney et al.,* 174 N. Y. 69, 66 N. E. 619. It is true section 6156, Comp. Laws 1909 (Rev. Laws 1910, sec. 3867), provides that the original contractor shall be made a party defendant in all such actions, and it is further true that where he has become a bankrupt he cannot be sued and the liability enforced personally against him, but the very purpose of the act is to subject the property of the owner to the payment of the debts incurred by the original contractor when he does not pay them himself, and it would be a strange anomaly if, when that very condition arises and the original contractor availed himself of the bankruptcy statute, the law which was made to protect such of his creditors would then, when needed most, wholly fail. When the owner begins to construct his building, engages his contractor, and the contractor purchases material or employs laborers, they all

act with this statute in view, and with the knowledge on the part of all that the liability of the original contractor to materialmen and laborers within the scope of his contract may, on his failure to meet it, be enforced against the property.   Under the authorities, the death of the original contractor will not defeat such claims, and his executor or administrator is properly made a party to the proceeding.   *Vernon, Adm'r, v. Harper et al.,* 79 Ohio St. 181, 86 N. E. 882, 20 L. R. A. (N. S.) 44. And we can see no reason why the trustee in bankruptcy might not likewise be made the party defendant.   Hence we conclude and agree with counsel for the claimants that the bankruptcy of the original contractor in this case did not wipe out the right to the lien of the materialmen and subcontractors.

But it is contended, and the record discloses, that although nominally made a party, no prayer was made against the trustee, and no judgment taken establishing the debt of the subcontractors and materialmen as a foundation for their lien against the property of the plaintiffs in error, and this failure is made the ground for the insistence of the plaintiffs in error that the action must fail and the liens awarded by the judgment of the trial court be set aside and its judgment reversed.   In this contention we are constrained to concur.

The statute, section 6156, *supra,* provides:

"In such actions all persons whose liens are filed as herein provided, and other incumbrances, shall be made parties, and issues shall be made and trials had as in other cases.   Where such action is brought by a subcontractor, or other person not the original contractor, such original contractor shall be made a party defendant, and shall at his own expense defend against the claim of every subcontractor, or other person claiming a lien under this act, and if he fails to make such defense the owner may make the same at the expense of such contractor; and until all such claims, costs, and expenses are finally adjudicated, and defeated or satisfied, the owner shall be entitled to retain from the contractor the amount thereof, and such costs and expenses as he may be required to pay:   Provided, that if the sheriff of the county in which such action is pending shall make return that he is unable to find such original contractor, the court may proceed to adjudicate the liens upon the land and render judgment to enforce the same with costs."

No contention is made in this case that the proviso contained in the statute existed, and hence the terms of the statute are before us. While there is some conflict in the authorities on the proposition, in our judgment the great weight of them makes the original contractor in an action to enforce a lien such as in this case, not only a proper and necessary, but indispensable, party to the proceeding. Authorities, supporting in full or inferentially and in effect this proposition, may be noted as follows. *Alberti v. Moore et al.,* 20 Okla. 78, 93 Pac. 543, 14 L. R. A. (N. S.) 1036; *Emmet et al. v. Rotary Mill Co.,* 2 Minn. 286 (Gil. 248); *Estey v. Hallack & Howard Lumber Co. et al.,* 4 Colo. App. 165, 34 Pac. 1113; *Sayre-Newton Lumber Co. v. Park et al.,* 4 Colo. App. 482, 36 Pac. 445; *Union Pac. Ry. Co. v. Davidson,* 21 Colo. 93, 39 Pac. 1095; *Steinmann et al. v. Strimple et al.,* 29 Mo. App. 478; *Edward McLundie & Co. v. Mount,* 145 Mo. App. 660, 123 S. W. 966; *O'Neil Lumber Co. v. Greffet et al.,* 154 Mo. App. 33, 133 S. W. 113; *Wagner v. St. Peter's Hospital,* 32 Mont. 206, 79 Pac. 1054; *Missoula Mercantile Co. v. O'Donnell et al.,* 24 Mont. 76, 60 Pac. 594, 991; *Kerns et al. v. Flynn,* 51 Mich. 573, 17 N. W. 62; *Godfrey Lumber Co. v. Kline,* 160 Mich. 565, 125 N. W. 682; *Augir v. Warder et al.,* 68 W. Va. 752, 70 S. E. 719; *Flake v. Central Hardware Co.,* 96 Miss. 838, 51 South. 461; *Tracy v. Kerr,* 47 Kan. 656, 27 Pac. 707.

The Supreme Court of Kansas in the case last cited, after quoting the foregoing statute, which is a part of the practice act adopted by us, speaking on this subject says:

"The language is so plain, the command that the contractor be made a party so imperative, that requirement is so mandatory, and the result of a failure or refusal to make him a party is so specifically stated, that there seems to be no fair grounds, either by construction or otherwise, on which to place approval of the ruling of the trial court."

Which ruling was to the effect that he was not an indispensable party. Dealing further with the same subject, it is said:

"It may be suggested that if the subcontractor, or other person not the original contractor, neglect or refuse to make the

contractor a party, the owner may do so on his own motion, and while it is probably true that the trial court would permit or order this to be done, yet the plain command of the statute is that the contractor shall be made a party, and we think it is primarily the duty of the party instituting such an action to do so."

Speaking to this same point, the Colorado Court of Appeals in the case of *Estey v. Hallack & Howard Lumber Co. et al., supra,* says:

"*Davis v. Lumber Co.,* 2 Colo. App. 381 [31 Pac. 187], is conclusive of this case. The necessity of making the contractor a party is carefully examined and discussed fully. The court said: 'It has been often held that the contractor was an indispensable party to the action. With this we agree, and adjudge that the contractor is not only a proper, but a necessary and indispensable, party, against whom a debt must be established as the foundation of the decree for the foreclosure of the lien.' This conclusion is well sustained by authority. See Phillips on Mech. Liens, sec. 397; *Vreeland v. Ellsworth et al.,* 71 Iowa, 347 [32 N. W. 374]; *Kern v. Flynn,* 51 Mich. 573 [17 N. W. 62]; *Sinnickson v. Lynch,* 25 N. J. Law, 317; *Pennoyer v. Neff,* 95 U. S. 714 [24 L. Ed. 565]. The conclusion is founded on principle and sound legal logic. No privity of contract exists between the owner and the subcontractor; the contractor is the primary debtor; if the amount could be collected from him there would be no resulting claim against the property of the owner; the claim against the property is secondary, ancillary. Not only must there be a primary judgment against the contractor, but there must be an adjudication or settlement of the amount due subcontractors—matters of which the owner can have no knowledge whatever—and in order to fix the amount for which subcontractors could charge the property, an adjudication or accounting between the owner and the contractor is indispensable. It is claimed that by proceeding to trial without urging and relying upon the want of the contractor as a necessary party the irregularity was waived. In such cases there can be no waiver. A judgment against the contractor is an indispensable prerequisite to a lien upon the property. The owner and subcontractors cannot adjudicate and settle the accounts and equities between the contractor and the subcontractors, nor can they adjudicate and adjust claims and matters between the owner and the contractor. In one case the owner and contractor are the contracting parties, in the other,

the contractor and the subcontractors. The right to the lien is purely statutory, is subsidiary and contingent, dependent upon the enforcing the judgment against the contractor. The owner is not primarily liable; hence the indispensable necessity of the contractor being before the court as a party to a triangular adjudication, and the necessity, primarily, of a judgment against the contractor as a basis of proceedings against the property of the owner."

We, therefore, hold that the original contractor, by and through his trustee in this case, was an indispensable party to the proceeding brought for the purpose of establishing the liens· in this case.

In reference to the claim of the estate of the bankrupt, represented by H. Y. Thompson, Esq., it is claimed that Robert Kruger, the original contractor, became a bankrupt during the time he was engaged in constructing the building, and had earned, under his contract, something over $1,400, but the same had not been paid because not due until the completion of the building. The receiver of the bankrupt applied to the referee in bankruptcy for an order directing him to complete the building, in order that the estate might receive the amount of money due, and at the same time J. M. Eberle, one of the plaintiffs in error, and agent for the other in the construction of the building, appeared in court and urged the referee to finish the building. Under this an order was made, 'and the· building was completed at an additional expense to the bankrupt's estate, for all of which the trustee asked a lien. This the referee allowed, but the trial court denied, holding that the contractor and his trustee in bankruptcy, having failed to build and deliver to the owners the building, and having failed to pay for the materials furnished by the various lien claimants, were not entitled to recover any judgment or lien upon the building, from which action the trustee, by cross-petition in error, has brought the matter to this court for review, and asks judgment upon the evidence to discover which we are referred to the 1,100-page record before us. None or but little of the evidence is set out in the abstract and briefs, either to support or defeat the claim of the trustee. The presumption is that the judgment of the trial court

is correct, and the burden in this court is upon him who assails it to show that it is wrong. We have no way of knowing that the claim made and lien claimed by the trustee does not include within it some or all of the claims of the other parties. who are likewise seeking to enforce them against the property of plaintiffs in error. The inequitable result of such a situation is too apparent to require more than its statement, if true, to reject it. We will not, however, foreclose the trustee in this manner, but will remit his claim to the same course that we do the others, for the authority was vested in the bankruptcy court to authorize the business of this bankrupt to be conducted for a limited period by the receiver. See Bankruptcy Act, sec. 2 (5); 1 Remington on Bankruptcy, sec. 387; *In re Richards et al.* (D. C.) 127 Fed. 772; *Matter of Reinboth,* 157 Fed. 672, 85 C. C. A. 340, 16 L. R. A. (N. S.) 341, 19 Am. Bankr. Rep. 15. And, if otherwise entitled to the lien, the fact that it arose out of service rendered by the contractor's receiver or trustee in bankruptcy will not be sufficient to defeat it.

This action has been an expensive one for all the parties, and it is to be deplored that it cannot be ended at this time, but it is better to conclude it later and have justice rendered between the parties than to conclude it now, and perhaps wrongfully.

The case of *Godfrey Lumber Co. v. Kline, supra,* was one similar to the case at bar. In that case the plaintiffs failed because the principal contractor was not made a party defendant, just as the plaintiff and the other lien claimants have failed in this case, and for the same reason. That court, exercising, in our judgment, a righteous discretion, decreed that:

"The decree of the circuit court is reversed, with costs of both courts in favor of defendant, and the cause will be remanded to the circuit court, with permission to amend the bill of complaint by making the principal contractor a party defendant. *Casserly v. Wayne Circuit Judge,* 124 Mich. 157, 82 N. W. 841, 83 Am. St. Rep. 320; *Prather Engineering Co. v. Railway,* 152 Mich. 585, 116 N. W. 376. If the parties so elect, the case may proceed to a hearing on the record already made."

The same order will be made in the case at bar.  The filing of the claims in the bankruptcy court was not a compliance with the mechanic's lien statute, and could not affect this case, except, of course, any allowance there secured would reduce the amount of the lien, and, in our judgment, the order of the court appointing the referee was sufficiently broad, and was intended to require him to report the evidence.  The entire matter on the record is before the court, and the parties may amend their pleadings, making the trustee in bankruptcy a party, with a prayer for judgment against him; and, if the present record already made is sufficiently broad upon which to predicate a finding by the court, the parties may, if they elect, avail themselves thereof, tendering such additional evidence as they may desire.  The determination of the mooted points of law, it is hoped, will enable these litigants to settle the case and so close up the controversy, but, should this not be accomplished, it is expected that the evidence relied on for recovery in this court will be properly abstracted and the requirements of rule 25 (38, Okla. x, 95 Pac. viii) as to briefs observed.

The petition for rehearing is otherwise denied.

All the Justices concur.