**MINNEHOMA OIL CO. v. ROSS et al.**

No. 16824—Opinion Filed Sept. 28, 1926.

Rehearing Denied Jan. 18, 1927.

**Oil and Gas—Lien upon Lessee's Equipment and Leasehold for Price of Gas Furnished as Fuel in Drilling Operations.**

One who furnishes natural gas to the owner of an oil lease, under contract with such owner, and used by said owner as fuel for firing a boiler to furnish the necessary power to drill an oil well, is entitled to a lien upon such oil or gas well, the fixtures and appliances used in operating the same, and upon the leasehold for which said natural gas was furnished under section 7464, C. O. S. 1921.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; C. H. Baskin, Assigned Judge.

Action by the Minnehoma Oil Company against J. Ben Ross et al. Judgment for

defendants, and plaintiff appeals. Reversed and remanded.

C. H. Rosenstein, for plaintiff in error.

Wilson, Murphy & Duncan, for defendants in error.

Opinion by WILLIAMS, C. This action was commenced by the plaintiff in error, Minnehoma Oil Company, as plaintiff, against the defendants in error, as defendants, and for convenience we shall hereinafter refer to the parties as they appeared in the trial court.

Plaintiff brought suit to recover on account of natural gas furnished and delivered to the defendant J. Ben Ross for use by said defendant Ross on a certain lease covering the northwest quarter of section 3, township 25, north of range 8 east, Osage county, Okla. . Plaintiff prayed for a personal judgment against the defendant Ross, and for the foreclosure of its lien upon said lease and leasehold, material and equipment thereon.

To the plaintiff's petition none of the defendants filed answer except R. L. Hall, who filed his separate answer, in which he denied all the allegations in the plaintiff's petition except the allegation that the defendant Hall claimed some interest in said lease, and alleged that he had purchased the lease and leasehold estate from the defendant Ross, and was the owner of the same, and denied that natural gas was sold and furnished by plaintiff to the defendant Ross, or that the same was used on said lease in the drilling of any well, and, for further defense, alleged that if gas had been sold or delivered to Ross by plaintiff and used on the lease in question, the same had been paid for in full.

To the answer of the defendant Hall plaintiff filed a general denial. A jury being waived, the case was submitted to the court. who, after hearing the evidence, sustained a demurrer thereto, dismissed plaintiff's cause of action as to Hall, and rendered judgment for Hall for costs and attorney's fees. To all of which findings and judgment of the court the plaintiff excepted, and brings the case here for review.

The evidence on the part of the plaintiff was to the effect that the plaintiff, under oral contract with the defendant J. Ben Ross, the then owner of the lease, contracted to and delivered the natural gas for which suit is brought in the instant case; that same was used in the drilling of an oil well on the lease in question, and that the amount claimed in plaintiff's petition was due and unpaid, and introduced its lien.

The plaintiff assigns three grounds for a reversal of the trial court, only one of which is argued in plaintiff's brief, and the only one that will be considered, such assignment of error being as follows:

"That the court erred in holding that the plaintiff is error was not entitled to a materialman's lien on the oil and gas lease and leasehold estate, and the personal property situated thereon, described and set forth in plaintiff's petition."

Section 7464, C. O. S. 1921, in so far as the same relates to the instant case, is as follows:

"Any person, corporation, or copartnership, who shall, under contract, express or implied, with the owner of any leasehold for oil and gas purposes, or the owner of any gas pipe line or oil pipe line, or with the trustee or agent of such owner, perform labor or furnish material, machinery and oil well supplies used in the digging, drilling, torpedoing, completing, operating or repairing of any oil or gas well, or who shall furnish any oil or gas well supplies, or perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, operating, completing or repairing of any gas well, shall have a lien upon the whole of such leasehold, or oil pipe line, or gas pipe line, or lease for oil and gas purposes, the buildings, appurtenances, and upon the material and supplies so furnished, and upon the oil or gas well for which they were furnished, and upon all the other oil or gas wells, fixtures, and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor performed. * * *"

It is to be observed that the statute gives all persons a lien who perform labor or furnish material, machinery or oil well supplies used in digging, drilling, torpedoing, completing or repairing of any oil or gas well.

In Eberle et al. v. Drennan et al., 40 Okla. 59, 136 Pac. 162, this court announced the doctrine to govern in the construction of the statute in question. In the sixth paragraph of the syllabus the court said:

"The provisions of the mechanics' lien law should be interpreted so as to carry out the object had in view by the Legislature in enacting it, namely, the security of the classes of persons named in the act, upon its provisions being in good faith substantially complied with on their part."

In Cleveland et al. v. Hightower, 108 Okla. 84. 234 Pac. 614, it was held that a

laborer who hauls casing from a point off a leasehold or on to a leasehold for oil and gas purposes, which casing is to be used for drilling a well on said leasehold, is entitled to a lien for his services in hauling such casing.

In the case of Hill et al. v. Twin Falls Salmon River Land & Water Co. (Idaho) 125 Pac. 204. in discussing the right of a materialman to include within his lien the cost of hauling material, the court said:

"It is a well-recognized principle that a materialman who makes a contract for the delivery of material to be used, and which is actually used in the construction of an improvement. may include in a claim of lien not only the value of the material, but the cost of delivery to the place of use. * * *"

In the case of Martin v. Wakefield (Minn.) 43 N. W. 966, in discussing whether or not a person who claimed a lien could include therein the work of his team, the court said:

"The timber cannot be cut without axes, or hauled or 'banked' without teams. Remedial statutes are to be liberally construed to advance the remedy. The Legislature could not have intended to exclude the use of those appliances or instrumentalities which are absolutely necessary to the performance of the various departments of labor enumerated in the statute."

In the case of Grant's Pass Banking & Trust Co. v. Enterprise Mining Co.. 58 Ore. 174, 113 Pac. 859, the Supreme Court of Oregon had under consideration the question of the right of the claimants in that case to a lien on account of electricity furnished to a mining company and consumed by such company in the lighting of its mine, and also in the operation of a quartz mine in connection therewith. The court held that electricity came within the term "supplies." The statute giving a lien on mines. so far as involved herein (L. O. L. sec. 7444), is as follows:

"Any person who shall furnish any provisions, materials, or supplies for the working or development of any * * * mine * * * shall have a lien upon such mine * * * to secure him the payment for the * * * material furnished, which lien shall attach in every case to such mine."

The court. after quoting the statute, said:

"The liens provided for in this act are preferred 'liens.' Id., sec. 7447. To uphold the decree rendered, electricity, when furnished at a mine for illumination or for power. must be construed to be a 'supply,' thereby bringing it within the designation of the enactment quoted. As applied to material objects, a supply is understood, in its restricted sense, to mean any substance that is consumed with its use. A supply, in its more general signification, is anything required or furnished to meet a need. 8 Words & Phrases, 6802. As used in the statute under consideration, 'supplies' undoubtedly comprise any substance the use of which might reasonably tend to the working or contribute to the development of a mine."

In the opinion the court further says:

"* * * And as this modern agent is consumed by its use, so far as susceptible of discernment, and supplies a very urgent need tending to the proper working and development of a mine, it is believed that such force is a supply within the scope of that term and for the use of which a lien may fairly be implied from the statute."

It is the contention of the defendant in error that "oil well supplies," as used in the statute in defining the things for which a lien may be impresed on oil well property, are words to be construed under the doctrine of ejusdem generis, and that they must be taken in connection with the words with which they are associated; that "oil well supplies" are words of restricted general import, and that when following the more particular words "material" and "machinery." and joined thereto by the copulative conjunction "and," they will be construed as being applicable only to the things belonging to the same class and of the same general nature as those things that fall within the meaning of the particular words "material" and "machinery."

If the construction placed upon the statute by the defendant's counsel be true, then the statute would only furnish a protection to individuals supplying such materials or supplies as entered into the physical construction or operation of oil well drilling. With this narrow construction of the statute we cannot agree.

The Supreme Court of this state having never passed directly upon the question at issue in the instant case. we have searched the decisions of other states for the construction of a like or similar statute to our own. The best considered case based upon a statute similar to our own, and nearest decisive of the question at issue, is the case of Grant's Pass Banking & Trust Co. v. Enterprise Mining Co., hereinbefore cited.

For the reasons stated, the judgment of the lower court is reversed and remanded, with directions to the trial court to proceed according to the views herein expressed.

By the Court: It is so ordered.

BRANSON and LESTER, JJ., dissent.

Note.—See 40 C. J. p. 1167, §846.